## J. J. HOUSTON ET AL. *v.* C. V. WITHERSPOON.

SUPREME COURT PRACTICE. *Motion to dismiss. Delay in filing record.*

Where a party against whom a judgment is rendered perfects an appeal to the supreme court, summons thereon being served, the appellee may move to docket and dismiss if the transcript is not seasonably filed. But if the appellee fail in this, a motion to dismiss for delay in bringing up the record will not prevail, if it is filed within the two years allowed for prosecuting an appeal. *McFatter* v. *State*, MSS. Op., distinguished.

MOTION in supreme court.

Judgment was rendered in the circuit court of Lafayette county against appellants, J. J. Houston *et al.*, in favor of appellee on the 10th day of April, 1889. On June 4, 1889, the parties perfected an appeal to the supreme court by filing a petition and giving bond, without supersedeas. Summons on this appeal, returnable to the October term, 1889, was served the next day on the attorneys of record of the appellee. No steps were taken in the supreme court until December 20, 1890, when the transcript of the record was filed and the appearance of appellee was entered. After that, on January 7, 1891, appellee made a motion to dismiss the appeal because of the delay of the appellants in filing the transcript after the appeal had been taken.

*A. H. Whitfield,* for motion.

The court has expressly decided the point raised in this motion in the case of *McFatter* v. *The State,* MSS. Op. No. 5644. The case now presented is stronger than that case. That was a criminal case and involved the liberty of a citizen, while this is only a civil case.

*Edward Mayes,* contra.

CAMPBELL, J., delivered the opinion of the court.

In *McFatter* v. *The State,* April term, 1888, of this court, the record shows that McFatter was convicted and sentenced to fine and imprisonment for a misdemeanor, on June 1, 1885, and immediately perfected an appeal to this court, and gave bond for his appearance to answer the charge, after the decision of this court, as provided by law, and, not prosecuting his appeal, permitted the matter to stand as it was until December, 1887, when a transcript of the record was filed in this court. As the convict had obtained a stay of the judgment by his appeal and bond, and delayed to prosecute his appeal, or make any effort in that direction, until the expiration of a greater length of time than required to bar an appeal, he was not permitted to prosecute his appeal, and it was dismissed. The case now before us is not like that cited, except that considerable delay occurred after the appeal was taken, and before the transcript was filed here. But not long enough for an appeal, and in this case citation was served on the appellee, who did not avail of his right to apply to have the case docketed and dismissed, and will be held to have acquiesced in the delay. In criminal cases appeals are prosecuted without citation, and the attorney-general apears for the state in this court, and to allow one to prosecute his appeal, after the lapse of more than two years from conviction, would crown with success a shrewd attempt to defeat the sentence by delay, during which the convict was at liberty, and then, when the scheme can no longer serve its purpose, to try the chances of an appeal.

*Motion overruled.*