HARRIET N. CHAMBLISS v. ROBERT L. WOOD.

MOTION.

STATUTE OF LIMITATIONS. *Appeals. Code* 1892, § 2752.

Although an appeal bond be filed within two years after the rendition of the judgment sought to be appealed from, the appeal will be barred, under Code 1892, § 2752, limiting the time within which appeals to the supreme court shall be taken, if no citation be served on the appellee and no transcript of the record be filed in the supreme court before the expiration of such time.

FROM the circuit court of Winston county.

HON. GUION Q. HALL, Judge.

Mrs. Chambliss, the appellant, was plaintiff, and Wood, the appellee, was defendant in the court below. From a judgment in defendant's favor, sustaining a demurrer to the declaration and dismissing the suit, the plaintiff sought to appeal to the supreme court.

She executed an appeal bond within two years next after the rendition of the judgment, but failed to have a citation in error served on the appellee or to file a transcript of the record in the supreme court until after the expiration of said time.

The appellee appeared in the supreme court and made a motion to dismiss the appeal because barred by limitation.

*Alexander & Alexander,* for the motion.

There has been no summons on appellee. Even if *Houston* v. *Witherspoon,* 68 Miss., 188, be invoked, the answer is that the record was not filed within the two years allowed for an appeal. That period expired July, 1903. The transcript was filed September, 1903.

*J. E. Rives, Contra.*

It was held by this court that where a party against whom a judgment was rendered perfects an appeal, summons thereon being served, the appellee may move to docket and dismiss, if the transcript is not seasonably filed. But if he fails in this, a motion to dismiss for delay in bringing up the record will not prevail, if it is filed within the two years allowed for an appeal. *Houston* v. *Witherspoon,* 68 Miss., 188.

WHITFIELD, C. J., delivered the opinion of the court on the motion.

The case of *Houston* v. *Witherspoon,* 68 Miss., 188 (8 South., 515), is not authority here for two reasons: First—The decree in this case was rendered in July, 1901, and the appeal was

consequently barred in July, 1903. The transcript was not filed in this court until September, 1903, more than two years after the rendition of the decree. Second—No citation was served on the appellee in this case, as was done in *Houston* v. *Witherspoon.* It was said in that case on this point: "In this case citation was served on the appellee, who did not avail of his right to apply to have the case docketed and dismissed, and will be held to have acquiesced in the delay." The appellee here cannot be held to have acquiesced in the delay, since no citation was served upon him.

*The motion is sustained.*