HARRISON COUNTY ET AL. *v.* WILLIAM O. ROGERS ET AL.

MOTION.

1. APPEAL. *County. Exemption from bond. Code* 1892, § 93. *Demurrer overruled. Code* 1892, § 33.

Where a county prayed for and obtained an appeal without bond, as authorized by Code 1892, § 93, from a decree overruling its demurrer to a bill in equity, under Code 1892, § 33, authorizing an appeal from such a decree, if applied for and perfected within a limited time, the appeal is perfected, within the statutory time limit, where a citation in error was sued out and served within such time.

2. SAME. *Lapse of time. Motion to docket and dismiss. Failure of appellee to make.*

An appellee who has been served with a citation in error cannot, after the transcript of the record is filed in the supreme court, complain of the lapse of time less than will bar an appeal (two years, Code 1892, § 2752), between the taking of an appeal and the filing of the transcript in the supreme court, if he failed during such time to appear and move to docket and dismiss the cause. *Houston* v. *Witherspoon,* 68 Miss., 188.

FROM the chancery court of Harrison county.

HON. STONE DEAVOURS, Chancellor.

Rogers and others, appellees, were complainants in the court below; Harrison county and Joseph T. Jones, appellants, were defendants there. Both defendants demurred to the complainants' bill, each filing a separate demurrer. The chancellor, in vacation, April 5, 1904, overruled both demurrers, and on that day granted a separate appeal to each defendant; the order granting the county's appeal specifically exempted it from giving bond, as authorized by Code 1892, § 93. Jones gave bond speedily, and the county, April 26, 1904, twenty-one days after the allowance of the appeal, sued out a citation in error, and caused it to be served on that day. The next return day in the supreme court after the granting of said appeal for the second

or southern district was, as fixed by the court, the third Monday of April, 1904. The transcript of the record in the cause was not filed in the supreme court until the 15th day of September, 1904; but the appellees had wholly failed to enter their appearance in the supreme court before that time, and they did not appear until after that date. They did appear at the November term, 1904, and on the 22d day of March, 1905, made this motion to dismiss Harrison county's appeal because, as was averred in the motion, "it was not taken and prosecuted in the manner and within the time prescribed by law."

[For the decision of the case on the merits, see *Jones et al.* v. *Rogers et al.,* post.]

*Harper & Harper,* for the motion.

*N. G. Evans, Jr., Bowers & Neville,* and *McWillie & Thompson,* contra.

Argued orally by *A. Y. Harper,* for the motion, and by *R. H. Thompson,* contra.

WHITFIELD, C. J., delivered the opinion of the court on the motion.

Counsel for the motion concedes that *Houston* v. *Witherspoon,* 68 Miss., 188, 190 (8 South. Rep., 515), would be conclusive against him if there was a motion to dismiss the appeal as to Jones. But he still insists that as to Harrison county no valid appeal ever was perfected by the county, because no bond was given in thirty days. But the statute (§ 93, Code 1892) expressly exempted the county from giving any bond. The county petitioned for the appeal April 5, 1904. The appeal was granted same day, expressly exempting the county from giving bond. The county had citation issued April 26, 1904, and served on appellee, and, the county having thus done all that the law required, the appeal was duly perfected.

*The motion must therefore be, and it is, denied.*