ADAMS LUMBER COMPANY, ET AL., *v.* JAMES E. STEVENSON.

[42 South. Rep., 796.]

1. APPEALS. *Statute of limitation. Code* 1892, § 46. *Ib.,* § 2752. *Filing bond.*

Under Code 1892, § 46, providing that, where no petition for an appeal is filed, it shall be considered to have been taken when the appeal bond was filed, or, if there be no bond, from the time of filing the transcript of the record in the office of the clerk of the supreme court, the filing of the bond stops the running of limitations against the appeal.

2. SAME. *Dismissal. Failure to prosecute.*

Where a case on appeal was not returnable until the call of the docket for the district from which it came, and before that time the citation had been served for more than the period of ten days, a motion to docket and dismiss the appeal because of delay in the prosecution thereof should be denied.

3. SAME. *Previous cases explained.*

*Houston* v. *Witherspoon*, 68 Miss., 188, and *Chambliss* v. *Wood*, 84 Miss., 209, explained.

FROM the chancery court of Amite county.

HON. WILLIAM P. S. VENTRESS, chancellor.

Stevenson, the appellee, was complainant and cross-defendant in the court below, and the Lumber Company, a corporation, and another, appellants, were defendants and cross-complainants there. From a decree dismissing the cross-bill, and awarding the relief sought by Stevenson in his original bill, the defendants and cross-complainants appealed to the supreme court.

The decree appealed from was rendered April 16, 1904; the appeal bond was filed and approved February 10, 1905; the record was filed in the supreme court July 7, 1906, and citation in error was issued by the clerk of the supreme court September 14, 1906, and it was served upon appellee September 26, 1906.

The appellee, Stevenson, moved the supreme court to dismiss the appeal on the ground that it was barred by the two years' statute of limitation, Code 1892, § 2752, providing that appeals to the supreme court shall be taken within two years next after rendition of the judgment or decree complained of, and not afterward, except as to persons under disability of infancy or of unsound mind. This motion was sustained in due course by reason of no objection being made to it by appellants. Subsequently appellants moved the court to reinstate the case, claiming that notice had not been given them of the motion to dismiss, and that appellee's motion upon which the cause was dismissed was prematurely heard on January 12, 1907, the cause being on and belonging to the docket of the court for the second district, which under the rules of the court, was not hearable before January 26, 1907. The case was reinstated by order of the court, and again came before the court on the motion of appellee to dismiss.

*J. H. Price,* for the motion.

The appeal was not taken in the manner and within the time provided by law. An appellant is required to see that the

record is filed in the supreme court within the two years pre-scribed by law. *Houston* v. *Witherspoon,* 68 Miss., 188 (s.c., 8 South. Rep., 515); *Harrison Co.* v. *Rogers,* 85 Miss., 578 (s.c., 38 South. Rep., 310); *Martin* v. *Phelps,* 53 Miss., 134.

The decree from which appeal was taken was rendered on April 16, 1904; the record was filed in the supreme court on July 7, 1906; citation to appellee issued from the supreme court on September 14, 1906, and was served on appellee on Septem-ber 26, 1906. The appeal was barred on April 16, 1906. Code 1892, § 2752. *Chambliss* v. *Wood,* 84 Miss., 209 (s.c., 36 South. Rep., 246).

*Theodore McKnight,* against the motion.

Code 1892, § 2752, merely provides that an appeal shall be taken within two years next after the rendition of the decree, and not after. This code section does not, however, provide what acts constitute the taking of an appeal. To determine this we must look to other code sections.

Code 1892, § 46, provides that written petition for appeal shall not be necessary, but that the filing of a transcript of the record in the office of the clerk of the supreme court shall confer jurisdiction on the court to try and dispose of the case. The section provides further that where there is no petition for appeal, as in the present case, "it shall be considered to have been taken when the appeal bond was filed; or, if there be no bond, from the time of the filing of the transcript of the record in the office of the clerk of the supreme court." Under this section it is too clear for dispute that the appeal is taken when the appeal bond is filed, in those cases where bond is required, and that in those cases where no bond is required the appeal is taken by filing the transcript with the clerk of the supreme court.

Code 1892, § 60, prescribes that "except as herein otherwise provided, an appeal shall not be considered as perfected, or a supersedeas awarded thereon, unless the bond required shall

have been given and approved." It certainly should not be disputed that under this section the giving and approval of the appeal bond perfect the appeal.

The appeal bond was given and approved February 10, 1906. This was less than two years from April 16, 1904, the date of rendition of the decree from which appeal was taken. Under the provisions of Code 1892, § 68, the clerk is not required to make up a transcript of the record until the appellant shall have complied with the law in reference to his appeal, which in this case means the giving and approval of the appeal bond; after which it becomes the duty of the clerk to make and certify a transcript of the record, and transmit it, together with the appeal bond, to the clerk of the supreme court. If the appeal was not rendered during the term of the court at which the decree was rendered, then the clerk shall issue a summons to the opposite parties to appear and answer the appeal in the supreme court; but if appeal is perfected during the term of the court at which the decree was rendered then a summons is unnecessary.

An appeal is perfected before any notice is required to be given; or, in other words, no notice is to be issued or served until the appeal is perfected. If the appellee is personally or constructively present in the lower court when the appeal is perfected by the giving and approval of the appeal bond, then he is not entitled to be notified to appear in the supreme court to answer the appeal. For he is presumed to know that the appeal has been perfected.

If the appeal is perfected by the giving and approval of the appeal bond in vacation, then the appellee is entitled to a notice or a summons to appear and defend the appeal which has been perfected against appellee by the giving and approval of such bond. Under Code 1892, § 72, the summons is to be served at least ten days before the time when it is returnable, and alias summons may be issued by the clerk of the supreme court

returnable to the next term. Summons served within ten days of the return day shall be good for the next term after that to which it is returnable. See *Neel* v. *Neel,* 61 Miss., 630.

While our statutes provide for and allow the use of a petition for an appeal, yet such petition is not necessary, since the giving and approval of the appeal bond perfect the appeal.

If the giving and approval of an appeal bond perfect an appeal taken, say, one month after rendition of the decree, and without necessity of a citation, then the giving and approval of the appeal bond on the last day of the two years allowed for taking an appeal by Code 1892, § 2752, will also perfect the appeal, even though the citation be issued afterwards, or the transcript be afterwards made up. To say otherwise would be to hold that the appeal bond must be given for a time sufficiently prior to the expiration of the two years period to allow the clerk to make up the transcript and for summons and alias summons to be issued until service should be had upon the appellee; and· if appellee should not be found within the two years from date of rendition of the decree appealed from, all the acts of the appellant to perfect his appeal would go for naught.

It is' true that the case of *Chambliss* v. *Woods,* 84 Miss., 209 (s.c. 36 South. Rep., 246), might seem, from the syllabus and from the statement of the case, to hold that the transcript must be filed and citation served, even after an appeal bond is given and approved, but such a view of this case is ·unsupported either by reason or by the language of the statutes relating to appeals to the supreme court, and would tend to place a requirement upon the right of appeal which is not contained in the statutes. If this court intended to hold that way in the *Chambliss case,* it will never have a better chance of righting itself than now. Moreover, the *Chambliss case* dealt with a question of mere delay, and not with the question of statutory limitation, as will appear from the transcript and opinion in that case.

WHITFIELD, C. J., delivered the opinion of the court.

The motion in this case is to dismiss the appeal because barred by the two-year statute of limitations, not to docket and dismiss for failure to properly and promptly prosecute the appeal.

The cases of *Houston* v. *Witherspoon,* 68 Miss., 188 (s.c., 8 South. Rep., 515), and *Chambliss* v. *Wood,* 84 Miss., 209 (s.c., 36 South. Rep., 246), are relied on in support of the motion. In both those cases the motion was to dismiss the appeal for failure to properly and promptly prosecute the appeal, not to dismiss the appeal because barred by the statute of limitations. This difference in the motions makes all' the difference in the proper disposition of this case. In the case of *Houston* v. *Witherspoon,* the court, speaking through CAMP-BELL, J., distinguishes that case ·from the case of *McFatter* v. *State,* decided at the April term, 1888. In the *McFatter case,* the convict appealing prosecuted his appeal within the time by giving the bond, but after that failed to do anything whatever in the prosecution of his appeal until a greater length of time than required to bar an appeal had elapsed between the taking of the appeal and the filing of the transcript in this court, which was not done until December, 1887, the bond having been given in June, 1885 ; in other words, in the *McFatter case,* about two years and six months were allowed to elapse between the filing of the bond and the filing of the transcript in this court, and in that case, because of this fact, that the appellant had allowed two years and six months so to elapse without making any effort to prosecute his appeal, the court sustained a motion to dismiss the appeal because of the delay, not because the appeal · was barred.

In the *Houston case,* not only was the bond given within about two months of the rendition of the decree, but citation was issued and served the next day after the bond was filed, and the appeal perfected. To be exact, the bond was filed June 4, 1889, and the citation was served June 5, 1889. The appel-

lant took no further steps in the prosecution of his appeal until December·20, 1890, about a year and six months afterwards. On December 20, 1890, transcript was filed in this court and the appearance of the appellee entered. The appellee did nothing towards having the case docketed and dismissed until January 7, 1891, when he filed a motion to dismiss the appeal because of the delay, not because the appeal was barred; and this motion was overruled in the *Houston case* on the express ground that the appellee had acquiesced in this long delay, because he had not filed his motion to dismiss the appeal for the delay until a year and seven months after the giving of the bond and the serving of the citation. In other words, in the *Houston case,* the motion to dismiss on account of delay was overruled on the express ground that the appellee had acquiesced in the delay by not sooner filing his motion to docket and dismiss.

In the case of *Chambliss* v. *Wood,* 84 Miss., 209 (s.c., 36 South. Rep., 246), the facts, as clearly stated in the opinion, were, first, that the decree was rendered in July, 1901; second, the transcript was not filed until September, 1903, more than two years after the rendition of the decree, and third, and this is the important point, no citation was served on the appellee in the *Chambliss case* at any time; and we expressly held that since no citation has been served at any time on the appellee, and the appellee had, consequently, had no notice whatever that any appeal had been prosecuted, he could not be held as having acquiesced in the delay, and for this reason the motion in that case, which was a motion to dismiss the appeal because not properly and promptly prosecuted, was sustained.

We desire to call special attention to the fact of three serious mistakes in the report of the case of *Chambliss* v. *Wood.* The syllabus in that case expressly says that an appeal will be barred if no citation be served on the appellee and no transcript filed within the two years allowed for taking an appeal, although a proper appeal bond should be filed· within· the two years. We have never held this. The appeal is perfected on the filing of the

bond, which stops the running of the statute. Code 1892, § 46. In the statement of the case, on page 210 of 84 Miss. and page 246 of 36 South Rep., it is incorrectly stated that the appellee made a motion to dismiss the appeal because barred by limitation. This is erroneous, for the motion is as follows: "Comes appellee and moves the court to dismiss the appeal because, while the bond of appellee was perfected and approved June 9, 1902, the transcript was not filed until September 25, 1903." Nothing is said in the motion or in the opinion of the court about the motion being sustained because of the bar of the statute. And again it is erroneously stated in the statement of the case, on page 210 of 84 Miss. and page 246 of 36 South. Rep., that citation was served on the appellee after the expiration of the two years. The opinion expressly states that no citation whatever was served at any time, and we have examined the original record in the case of *Chambliss* v. *Wood*, and find the statement in the opinion to be correct. The language in the opinion that the decree in this case was rendered in July, 1901, and appeal was consequently barred in July, 1903, simply declared the fact of the period which would be required to elapse before the bar of the statute would apply. What followed in the opinion plainly shows that the decision rested on the motion as made to dismiss because of the delay, and that motion was sustained for the reason that the appellee, never having been served with citation, could not properly be held to have acquiesced in that delay.

Since the motion before us is not a motion to dismiss for delay, it cannot be sustained on that ground; and, since the giving of the bond perfected the appeal within the two years, the bar of the statute has not applied. The learned counsel for the appellee was fully justified, however, in making this motion, having been misled by the erroneous statements in the case of *Chambliss* v. *Wood*, in the syllabus and in the statement of the case. In order to prevent any further misconception in this particular case, we say that even a motion to docket and dis-

miss because of delay could not be sustained now, for the reason that this case was not returnable until the call·of the docket for the southern district, before which time the citation had been served for more than the period of ten days; in other words, the transcript was filed and the citation was served more than ten days before the time for the call of the southern district.

*For these reasons, and these reasons alone, the motion is overruled.*