ADOLPHUS A. BEASLEY v. SOPHIA A. COTTRELL.

[47 South. 662.]

MOTION TO DISMISS APPEAL. *Appeals. Limitation. Code* 1906, § 3112.

> An appeal to the supreme court is barred and will be dismissed on motion, if nothing save the execution of a bond be done in the way of perfecting it before the expiration of the two years allowed therefor by the statute of limitations. Code 1906, § 3112.

FROM the chancery court of Clay county.

HON. JOHN QUITMAN ROBBINS, Chancellor.

Mrs. Cottrell, appellee, was complainant in the court below; Beasley, appellant, was defendant there. From a final decree in complainant's favor defendant appealed to the supreme court.

The final decree in favor of complainant, Mrs. Cottrell, was rendered May 16, 1906. Bond for appeal was filed in the court below May 16, 1908, but a citation for appellee was not issued until November 14, 1908, nor was the transcript of the record received by the clerk of the supreme court until November 19, 1908.

Appellee moved a dismissal of the appeal.

*John G. Millsaps,* for the motion.

The motion to dismiss must be sustained. Code 1906, § 3112, requires that the appeal from the judgment or decree complained of must be brought within two years' time. The appeal bond was filed one day too late, as it should have been filed on May 15 instead of May 16, 1908, to come within the two years' period. But aside from this, the bond alone was filed May 16, 1908, no citation for the appellee being even issued until November 14, 1908. Nor was the transcript of the record of the court below sent to this court until some days later.

This court has held that the mere filing of the appeal bond within the two years is not sufficient. *Chambliss v. Wood,* 84 Miss. 209, 36 South. 246, hence the motion to dismiss should be sustained and the appeal dismissed.

*Leftwich & Tubb, contra.*

The motion of appellee to dimiss the appeal is dependent upon the construction of Code 1906, § 3112, providing that "appeals to the supreme court shall be taken within two years next after the rendition of the judgment or decree complained of." The decree, from which appeal is sought, was rendered May 16, 1906, hence the appellant had all of May 16, 1908, wherein to file appeal bond; because the two years' period did not begin to run until May 17, 1906. Hence the appeal was taken in time. See Code 1906, § 1606, touching the computation of time.

Certificate of the clerk of the court below is attached to our

brief showing that citation was not issued and served on the day
the appeal bond was filed, for the reason that he had recently
become an incumbent of the position, this being the first appel-
late matter coming before him in his term of office as clerk of
the chancery court, and that he did not know the requirements
relative to procedure in appeal from the chancery court.   It
would accordingly be a harsh thing for this court to enforce the
rule laid down in *Chambliss v. Wood,* 84 Miss. 209, 36 South.
246, when appellant was not to blame for the clerk's failure to
issue the citation within the proper limit of time.

FLETCHER, J., delivered the opinion of the court.

While the appeal bond in this case was given within the two
years mentioned in the statute, yet the citation was not served
upon the appeal, nor was the transcript filed in this court
within two years next after the rendition of the judgment.
Under the authority of *Chambliss v. Wood,* 84 Miss. 209, 36
South. 246, we are compelled to sustain this motion, and dis-
miss this appeal.   So ordered.