JOHN GILBERT, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. Questions on cross-examination of a witness having no possibility of relevancy to the examination in chief may be excluded, even though they may tend to contradict him upon new and irrelevant matters brought out upon the cross-examination.

2. Evidence on a trial for murder as to the merits of a controversy between the defendant and the Railroad Company, whose employee was killed, should not be received.

3. The sufficiency of the evidence will not be considered, when the bill of exceptions does not contain a motion for a new trial.

This case was decided by Division A.

Writ of Error to the Circuit Court for Washington County.

The facts in the case are stated in the opinion of the court.

*Cook & McRae, Reeves & Watson* and *W. O. Butler,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

COCKRELL, J.—Under an indictment for murder in the first degree, John Gilbert was convicted of murder in the second degree and sentenced to life imprisonment.

The only assignments properly presented are based on the refusal to permit certain questions upon cross-examination to be asked of a State's witness, and of the accused himself.

The State's witness W. I. Harvey upon the direct testified that he saw Gilbert shoot, but did not see at whom he was shooting, where Gilbert was standing at the time and that he had been near there forty or fifty minutes; the man killed, Eugene Wood, was the engineer of a train, which slowed up before getting to Gilbert and stopped very soon after the shot was fired; he went to the cab and found the engineer dead and saw no gun of any kind except Gilbert's; after the shooting Gilbert walked towards the still; he saw Gilbert when he raised his gun to shoot. Upon cross-examination he was permitted to testify without objection that shortly before the train came up he had a conversation with Gilbert and also had had a conversation with Wood previously but did not hear Wood declare what he would do when he got to Gilbert's or that he would continue to run train in spite of Gilbert; he knew that Gilbert had placed a flag upon the track but

was not permitted to testify as to whether he had advised the engineer that the flag and Gilbert were there, nor was he permitted to testify as to whether Gilbert that morning protested against the train running over his land any more. No specific objections are stated on this record, but it is evident that they are not in cross of any evidence brought out by the State, the relevancy or propriety of the questions is not indicated nor was attempt made to bolster them up. The same observations apply to the other questions propounded to this witness, which were as to whether representing the owners of the road he had talked with Gilbert about running the train across his land, that Gilbert protested and was told the engineer said he would run the train over there and over him and upon leaving was told to take care of himself. Counsel urge that answers to these questions would test the credibility of the witness, but the facts testified in the direct to by him are in no wise contradicted. The only points as to which contradiction is sought were brought out by the defense, their relevancy does not appear and further questions along this line were properly stopped.

The accused upon taking the stand testified that the road was running across his land and that he had an agreement with the owner that the road would bring his freight and was asked "That is the point I am getting at— upon agreement that he was to bring your freight—" to the asking of which question the State objected and the objection was sustained. It is suggested here that an answer to the question would tend to show an innocent motive in going to the railroad at that time to make inquiries.

The question had been answered and its further investigation would most likely have confused the jurors with issues as to the rights of the respective parties to that agreement which had no proper place on this trial.

The only shadow of a defense offered was the possibility that the defendant thought he saw a pistol in the hands of the engineer, and the jury gave some credence at least to this defense in mitigating the crime from murder in the first degree to murder in the second degree.

The motion for a new trial is not in the bill of exceptions and sufficiency of the evidence cannot be questioned.

The judgment is affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.