EDDIE ANDREW, *Plaintiff in Error, v.* THE STATE OF FLOR-
IDA, *Defendant in Error.*

1. The general grounds of irrelevancy and impertinency to prof-
   fered testimony are properly overruled, especially when the
   party offering such testimony promises to introduce other
   evidence showing the relevancy and materiality of such prof-
   fered testimony.

2. Where evidence offered by the State in a prosecution for
   murder is properly admitted, and the defendant conceives
   that the jury should be instructed as to the effect of such
   evidence he should request the court to give such instructions
   as he may deem appropriate or necessary. Where he fails to
   do this, he will not be permitted to complain of such omission
   on the part of the court.

3. While it is competent for a party on trial for alleged crime to
   propound, on cross-examination of a State witness, questions
   tending to elicit the motives, interest, animus or bias of such
   witness, a wide range of cross-examination being allowed for
   such purpose, yet questions on cross-examination of such wit-
   ness having no possibility of relevancy to the examination in
   chief may be excluded, even though they may tend to con-
   tradict the witness upon new and irrelevant matters brought
   out on the cross examination.

4. In passing upon an assignment questioning the correctness of
   the ruling of the trial court in denying a motion for a new
   trial, which is based upon the sufficiency of the evidence to
   sustain the verdict, the question thereby presented to an
   appellate court is whether or not the jurors acting as reason-
   able men could have found such verdict from the evidence
   adduced. If this question can be answered in the affirmative,
   the action of the trial court upon such motion should not be
   disturbed.

This case was decided by Division A.

Writ of error to the Circuit Court for Wakulla County.

The facts in the case are stated in the opinion of the court.

*Fred T. Meyers* and *Nat R. Walker,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

SHACKLEFORD, J.—Eddie Andrew was convicted of murder in the first degree, with a recommendation to the mercy of the court, and seeks to have the judgment reviewed and reversed by writ of error.

Twenty-two errors are assigned, all of which, with the exception of the last, are based upon the admission or exclusion of evidence. The last assignment is predicated upon the denial of the motion for a new trial. We shall not treat the assignments separately. In our opinion, no extended discussion of any of them is called for, since practically they present no points of law for determination. It would be fruitless to set forth the evidence or even to give a resume thereof. It seems sufficient to say that the first witness introduced by the State was the widow of the deceased, with whose murder the defendant stood charged. Among other things, she testified that she had caused a prosecution to be instituted against the defendant for committing the crime of rape upon her. The defendant objected to the introduction of this testimony upon the general grounds of irrelevancy and impertinency, whereupon the State announced that later on it expected to introduce evidence showing its relation to and connection with the crime for which the defendant was then on trial. Such general grounds of objection were properly overruled, especially after the State had promised to make the necessary connection. See Danson v. State, decided

here at the present term, wherein prior decisions of this court will be found cited. We find that the State kept its promise so made, subsequently introducing the indict- ment which had been found against the defendant, at the Fall term of the Circuit Court for the County of Wakulla, for such crime of rape, which was alleged therein to have been committed by the defendant upon the wife of the deceased on the 17th day of September, 1910. The killing of the deceased by the defendant was alleged to have taken place on the 14th day of April, 1911. The defendant also objected to the introduction of the indictment against him for rape, which objections were overruled and an as- signment of error predicated upon such ruling. In his brief the defendant abandons this assignment, saying that he is of the opinion that "the introduction of the indict- ment was permissible to show in connection with circum- stantial evidence that the defendant, by reason of the fact that the deceased was one of the State's witnesses as shown by the endorsement on the indictment, had a motive for removing the deceased." In this statement we think that the defendant is eminently correct. He pro- ceeds to contend, however, "that the court should have given directions to the jury as to the effect to be given such indictment as evidence." In reply to this conten- tion, it is sufficient to say that if the defendant desired such directions he should have requested the same, which so far as is disclosed by the transcript, he did not do. See Rawlins v. State, 40 Fla. 155, 24 South. Rep. 65, and Seaboard Air Line R. Co. v. Scarborough, 52 Fla. 425, 42 South. Rep. 796. No exception was taken to any portion of the charge of the court.

Returning to the testimony of Mrs. A. E. Watson, the widow of the deceased, we find that she was cross-

examined by the defendant at great length, into the details of which we shall not enter. Suffice it to say that a wide range was permitted for the purpose of showing motives, interest or animus of the witness, in accordance with the rule established by this court. See Stewart v. State, 58 Fla. 97, 50 South. Rep. 642. It is further true that "questions on cross-examination of a witness having no possibility of relevancy to the examination in chief may be excluded, even though they may tend to contradict him upon new and irrelevant matters brought out upon the cross-examination." Gilbert v. State, 58 Fla. 50, 50 South. Rep. 535. Also see Starke v. State, 49 Fla. 41, 37 South. Rep. 850, and Peadon v. State, 46 Fla. 124, 35 South. Rep. 204. These principles are also applicable to and decisive of the assignment predicated upon the testimony of this same witness as to the shooting by the defendant into her house and presumably at her in the month of February, 1911.

In short, we have given all the assignments predicated upon the admission and exclusion of evidence our careful consideration and no reversible error has been made to appear to us.

We now reach the last assignment, based upon the over ruling of the motion for a new trial and which questions the sufficiency of the evidence to support the verdict. The evidence is almost entirely circumstantial in its nature, and while upon some points it may not be altogether as clear and satisfactory as we would like, yet when we proceed to ask our usual question, could the jurors as reasonable men have found and rendered such verdict from the evidence adduced? we are constrained to answer in the affirmative, as did the trial judge. See Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44; Williams v. State, 58 Fla. 138, 50 South. Rep. 749; Bexley v. State, 59

Fla. 6, 51 South. Rep. 278; Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367; Hinson v. State decided here at the present term.

Judgment affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.