MRS. M. J. McALLISTER *v.* S. M. RICHARDSON.

[57 South. 547.]

1. TIME OF TAKING APPEAL. *Limitation. Appearance. Citation. Delay in prosecuting. Dismissal. Code 1906, section 4906.*

An appeal is perfected by the filing of an appeal bond within two years after decree which stops the running of the statute of limitations, though no citation is served.

2. APPEAL AND ERROR. *Appearance. Citation.*

Where an appeal from a decree rendered in the third supreme court district was perfected by the filing of an appeal bond in July, and in October the appellees moved in the supreme court to docket and dismiss the appeal, such motion was overruled, as the docket of the third district is called on the first Monday of December, that day by virtue of Code of 1906, section 4906, being the return day for appeals from that district, and citation for appellees was unnecessary for by their motion to docket and dismiss the appeal they entered their appearance before the return day for appeals from that district.

3. Appeal and Error.  *Delay in Prosecution.  Dismissal.*

> Where the record in a cause had been filed in the supreme court
> and appellees appearance had been entered more than ten
> days prior to the return day for an appeal there was no such
> delay in the prosecution of the cause after taking the appeal
> as will warrant a dismissal.

Appeal from the chancery court of Tippah county.
Hon. J. T. Blount, Chancellor.

Suit by Mrs. M. J. McAllister against S. M. Richardson. From a decree for defendant, plaintiff appeals.

Motion in supreme court to docket and dismiss appeal.

*Spright & Spright,* for motion.

*Fontaine & Fontaine* and *Flowers, Alexander & Whitfield, contra.*

Smith, J., delivered the opinion of the court.

The final decree in this case was rendered on the 2d day of October, 1909, and the appeal bond was executed and filed on the 26th day of July, 1911; but no citation has been served on appellees. On the 20th day of October, 1911, appellees filed a motion to docket and dismiss for the following reasons: (1) Because the decree in said cause by the chancery court of Tippah county was rendered on the 2d day of October, 1909, and the appeal bond was filed July 25, 1911. (2) Because no citation has ever been issued or served on appellees. (3) Because no transcript has been filed in the supreme court. (4) Because of delay on the part of appellant in properly and promptly prosecuting said appeal. Afterwards, on the 25th day of November, 1911, the record was filed with the clerk of this court.

The case of *Beasley* v. *Cottrell,* 94 Miss. 254, 47 So. 662, seems to hold that the filing of an appeal bond does not stop the running of the statute limiting the time within which appeals must be taken, but that the statue continues to run until the appellee is served with a citation, or the transcript filed in this court. That case

was decided upon the authority of *Chambliss* v. *Wood,* 84 Miss. 209, 36 So. 246. As pointed out in the case of *Lumber Co.* v. *Stevenson,* 89 Miss. 678, 42 So. 796, this is a misconception of what the court held in *Chambliss* v. *Wood,* caused by the imperfect reports of that case. What the court in fact did hold in *Chambliss* v. *Wood* was that "the appeal is perfected on the filing of the bond, which stops the running of the statute." The appeal in the present case, therefore, was not barred by the Statute of Limitation.

The docket of the third district, from which district this appeal comes, at the October term of this court, is called on the first Monday of December, which day was by section 4906 of the Code the return day for appeals from that district. When appellees filed their motion to docket and dismiss, they thereby entered their appearance in this court, and citation for them therefore became unnecessary.

When the return day for this appeal arrived, the record in the cause had been filed and appellees' appearance had been entered more than ten days prior thereto. There was, therefore, no delay in the prosecution of the cause after the taking of the appeal, and, it being now on the docket, the motion to dismiss is overruled. *Overruled.*