OLIVER YOUNG, alias MARVEL YOUNG, *Plaintiff in Error,* v. THE STATE OF·FLORIDA, *Defendant in Error.*

1. In proceeding under a statute, the only safe course to pursue is to comply with all the requirements set forth therein; but the mere failure of the Chairman of the Board of County Commissioners to sign the list of jurors before handing the same to the Clerk of such board for recordation in the minutes, in accordance with the provisions of Section 1571 of the General Statutes, is not sufficient to vitiate an indictment found by a grand jury drawn from such list.

2.  Pleas in abatement setting up mere irregularities in the selection of jurors should be drawn with the greatest accuracy and precision, and must be certain to every intent. They must leave nothing to be supplied by intendment, and no supposable special answer unobviated. When it affirmatively appears that no possible injury could accrue to a defendant by an irregularity not amounting to a substantial departure from the requirements of law in the selection and empanelling of jurors, an objection thereto should not avail.

3.  A demurrer to a replication reaches back to the plea and if the plea is defective in substance the judgment of the court in overruling the demurrer must be held to be correct, regardless of the sufficiency of the replication.

4.  In passing upon an assignment questioning the correctness of the ruling of the trial court in denying a motion for a new trial, which is based upon the sufficiency of the evidence to sustain the verdict, the question thereby presented to an appellate court is whether or not the jurors acting as reasonable men could have found such verdict from the evidence adduced. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed.

Writ of error to the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*F. T. Meyers, W. J. Oven,* and *S. H. Diamond,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

SHACKLEFORD, J.—On the 19th day of May, 1911, at a regular term of the Circuit Court for Leon County, an indictment was presented by the grand jury in open

court, in which Oliver Young, alias Marvel Young, was charged with the crime of murder in the first degree. On the 24th day of May, the defendant filed a plea in abatement, in which he questioned the validity of such indictment, to which plea the State filed a replication, to which the defendant interposed a demurrer. The court overruled the demurrer and also the plea in abatement, which ruling forms the basis for the first two assignments. The defendant filed a plea of not guilty and the case came on for trial before a jury, which resulted in the defendant being convicted of manslaughter. A motion in arrest of judgment was then filed by the defendant, in which he attacked the correctness of the order of the court in overruling the demurrer of the defendant and also his plea in abatement. The overruling of this motion in arrest forms the predicate for the sixth assignment. The defendant seeks relief here by writ of error and argues the first, second and sixth assignments together. We shall likewise so treat them.

The plea in abatement is quite lengthy and evidently was an earnest attempt to comply with the requirements which this court has laid down concerning such pleas. As we held in Cannon v. State, 62 Fla. 20, 57 South. Rep. 240, "Pleas in abatement, being dilatory, are not favored by the courts and must be strictly construed, they must be certain to certain intent in every particular, they must be unambiguous, and must leave nothing to be supplied by intendment, and must leave no supposable special answer unobviated." See also the numerous prior decisions of this court therein cited. We do not copy the plea. It is sufficient to state that it avers a failure upon the part of the Board of County Commissioners to comply with the requirements laid down in section 1571 of the General Statutes of 1906, in that

when they made out the jury list for the year 1911, the Chairman neglected to sign such list before the same was handed to the Clerk for recordation in the minutes of such board. It is further averred in such plea that "though such list was entered on the minutes of such meeting at which it was made the minutes of such meeting have never been signed." In the replication filed to such plea it is alleged as follows: "While it is true that the Chairman of the Board of County Commissioners did not sign the list of names to be placed in the jury box as set out in said plea, but that said list of names was duly recorded in the minutes of the Board of County Commissioners in and for Leon County, Florida, on pages 211 to 215 inclusive in the Minute Book of said Board of County Commissioners at an adjourned meeting of the regular meeting on Wednesday, January 5th, 1910, the said regular meeting of said Board of County Commissioners having been begun and held on Tuesday, January 4th, A. D. 1910; and subsequently, to-wit: the said Board of County Commissioners at their regular meeting held on February 1st, A. D. 1910, read and approved the minutes of the meetings and proceedings of said Board held on the said 4th, and 5th, days of January, A. D. 1910, and the minutes and proceedings of the meeting of the said Board of County Commissioners held on the said 1st day of February, A. D. 1910, wherein the minutes of said Board of County Commissioners at their meeting aforesaid, on said January 4th, and 5th, A. D. 1910, were read and approved, were duly approved and signed by J. W. Collins, the Chairman. of said Board on the 1st, day of February, A. D. 1910, and same approved by said Board by its Chairman, J. W.

Collins, appears on page 226 of the minute book of said Board of County Commissioners."

In the demurrer interposed to this replication upon the ground that the same is bad in substance the following matters of law are set forth in support thereof:

"1st.     Said replication tenders an immaterial issue.

2nd.     Said replication does not join issue upon the fact, that the list required to be made out by and in accordance with Section 1571 General Statutes has never been signed by the Chairman of the Board of County Commissioners of Leon County, Florida, as required by law, but admits that fact.

3rd.     That the replication shows that the minutes of the meeting of January 4th, and 5th, 1910, when said list was recorded were not approved until after the clerk had placed the names of the persons in the jury box as alleged by the plea.

4th.     The replication does not show that the minutes of January 4th and 5th, 1910, were ever signed by the Chairman of said Board."

The questions which we are called upon by these assignments to answer are did the failure of the Chairman to sign such jury list and the failure of the County Commissioners to have the minutes of the meeting at which such list was entered signed render the grand jury drawn from such list illegal, so that the indictment found and returned by such grand jury against the defendant should be quashed? We would first call attention to the fact that it is not averred in the plea in abatement that the members of the grand jury who found the indictment against the defendant were not competent and qualified jurors. For aught that appears to the contrary therein, had the Chairman of the Board of County

Commisioners signed such jury list before handing the same to the Clerk for recordation in the minutes, the defendant would have had no ground for complaint as to the constitution of the grand jury. It is unnecessary to say that all of the statutory requirements should have been complied with. That is the only safe course to pursue, but, while this is undoubtedly true, we are not prepared to declare that such an omission upon the part of the Chairman of the Board of County Comsioners as is shown in the instant case is sufficient to vitiate the indictment found against the defendant. We held in Colson v. State, 51 Fla. 19, 40 South. Rep. 183, that "Pleas in abatement setting up mere irregularities in the selection of jurors should be drawn with the greatest accuracy and precision, and must be certain to every intent. They must leave nothing to be supplied by intendment, and no supposable special answer unobviated. When it affirmatively appears that no possible injury could accrue to a defendant by an irregularity not amounting to a substantial departure from the requirements of law in the selection and empanelling of jurors, an objection thereto should not avail." See also the discussion in Keech v. State, 15 Fla. 591, at which time the statute, referring to the drawing of jurors, provided that the list should be certified to and signed by the Chairman of the Board and then delivered to the Clerk and by him recorded in the minutes, to the effect that the failure to record the certificate was not prejudicial to the defendant. See also Edwards on the Grand Jury and 24 Cyc. 214, and authorities cited in the notes. We would also refer to State v. Champeau, 52 Vt. 313, and People v. Young, 108 Cal. 8, 41 Pac. Rep. 281. We are of the opinion that the plea in abatement

did not measure up to the requirements, therefore the same was properly overruled, as was also the demurrer to the replication. A demurrer to a replication reaches back to the plea, and if the plea is defective in substance the judgment of the court in overruling the demurrer must be held to be correct, regardless of the sufficiency of the replication. See Atlantic Coast Line R. R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761, and Sylvester v. Lichtenstein, 61 Fla. 441, 55 South. Rep. 282. It follows that the first, second and sixth assignments have not been sustained.

The only remaining assignment urged before us is based upon the overruling of the motion for a new trial, which questions the sufficiency of the evidence to support the verdict. We have given the evidence a careful examination and are of the opinion that the jurors acting as reasonable men could have found a verdict of manslaughter from such evidence. This being true, we must refuse to disturb the verdict. Andrew v. State, 62 Fla. 10, 56 South. Rep. 681, and former decisions of this court there cited.

Judgment affirmed.

WHITFIELD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.