FARRISH *v.* DAVIS.

[86 South. 713, No. 21665.]

APPEAL AND ERROR. *Filing of appeal bond stops running of statute of limitations.*

The filing of an appeal bond within one year after rendition of judgment or decree appealed from stops the running of the statute of limitation.

APPEAL from circuit court of Panola county.

HON. E. D. DINKINS, Judge.

Proceedings between Charles Farrish and J. R. Davis, guardian. Judgment for the latter, and the former appeals. On demurrer to plea in bar of appeal. Demurrer sustained.

*Rainwater & Stovall,* for appellant.

Section 3112, Code 1906, and Hemingway's Code, section 2476, are identical with section 2752 with the exception that one year instead of two years is the prescribed limitation in Hemingway's Code. These sections cited by counsel for appellee to sustain his plea, provide that appeals to the supreme court shall be taken within one year next after the rendition of the judgment or decree complained of, and not after.

Section 18, Code of 1906, Hemingway's Code, section 18, determines what constitutes the taking of an appeal. Section 47, Code 1906, Hemingway's Code, section 23, provides that the filing of a petition for appeal shall not be necessary to its validity but the filing of a transcript in the office of the clerk of the supreme court shall confer jurisdiction, and that where there is no petition for the appeal, it shall be considered to have been taken when the appeal bond was filed. The appeal bond in this cause was filed and approved June 14, 1920, less than nine months after the plea of the statute of limitations filed by appellee.

Counsel refers the court to *Chambliss* v. *Wood,* 84 Miss. 209, and *Beasley* v. *Cottrell,* 94 Miss. 253. The opinion of the court in the latter case, *Beasley* v. *Cottrell,* was based entirely upon the case of *Chambliss* v. *Wood, supra.* and the court, FLETCHER, Judge, entirely overlooked the

case of *Adams Lumber Co.* v. *Stevenson,* 89 Miss. 678, 42 So. 796, to which we specially call the attention of the court. This latter case explains the seeming holding of the court, and points out the errors therein, which seems to have misled distinguished counsel and Judge FLETCHER as well.

Even if the holding in the case of *Beasley* v. *Cottrell, supra,* be correct it has no application to the pleas in the case at bar. That was a motion to dismiss on account of delay. While the case at bar is upon a plea in bar of the appeal, the filing of a bond within the year stops the running of the statute and the only available way by which the appellee could take advantage of any delay in sending up the transcript would be by motion to dismiss on account of delay. This he has not done; neither can he do so now because he must be held to have acquiesced in the delay.

We submit that there has been no unusual delay, certainly none so far as appellant or his counsel is concerned. The judgment was rendered on the 26th of September, 1919. On October 3rd, seven days thereafter notice was served on the stenographer that his notes were required for the purpose of appeal. On the 16th day of January, 1920, the stenographer furnished his notes and notified counsel for plaintiff and defendant a copy of the notes was handed to counsel for appellee on the 17th day of January, 1920. Citation was issued on the 3rd day of August, 1920, but for some reason wholly unknown to appellant or his counsel, the sheriff failed to serve the notice of appeal until November 9, 1920. The appeal bond was filed and approved June 14, 1920. The statute was not designed to punish litigants for the negligence of the officers, when it appears that there was no purpose or intention of the party appealing, to delay a hearing in the appellate court. In this case no harm has been done to appellee and appellant has done everything required of him to perfect his appeal.

Judge FLETCHER in a very short opinion in the case of *Beasley* v. *Cottrell,* says: "Under the authority of *Chambliss* v. *Wood,* 84 Miss. 209, we are compelled to sustain this motion," thereby showing that the decision was wholly upon the authority cited.

Judge WHITFIELD, in reviewing the case of *Chambliss* v. *Wood, supra,* on page 684, 89 Miss., says: "The syllabus in that case (meaning the Chambliss case), expressly says that an appeal will be barred if no citation be served on the appeal and no transcript filed within the two years allowed for taking an appeal, although a proper appeal bond should be filed within the two years. We have never held this. The appeal is perfected on the filing of the bond, which stops the running of the statute." Judge WHITFIELD then proceeds to point out other mistakes in the syllabus of the Chambliss case, which clearly show that it was not authority for the holding in the *Beasley case, supra.*

We respectfully submit that the demurrer is well taken and should be sustained.

*F. H. Montgomery,* for appellee.

This was a replevin suit brought by the appellee against the appellant in the circuit court of the first district of Panola county, to recover the possession of certain personal property belonging to the minor ward of appellee, Davis. The case was tried and a final judgment entered on the 26th day of September, 1919. Court stenographer was requested to transcribe his notes for the purpose of prosecuting an appeal from the said final judgment to the supreme court of Mississippi, and an appeal bond was filed and approved on the 14th day of June, 1920. The citation was executed by delivering a copy thereof to the attorney for appellee on the 9th day of November, 1920. The transcript of the record was filed in this court some time subsequent to this date.

At the time of the service of the citation upon the appeal and of the filing of the transcript of the record herein, the one year's time within which the appellant could lawfully have prosecuted his appeal had expired, the one year having expired on the 26th of September, 1919. Section 3112 of Code of 1906, and section 2476, Hemingway's Code; *Chambliss* v. *Wood,* 84 Miss. 209; *Beasley* v. *Cottrell,* 94 Miss. 263.

Under the above cited section of the code and the decisions construing the same, the appeal in this case is barred by the statute of limitations, the plea in bar must be sustained and the appeal dismissed with the proper judgment against the appellant and sureties on his bond.

SMITH, C. J., delivered the opinion of the court.

This cause comes on to be heard on a demurrer to a plea in bar of the appeal, the ground of which is that the record was filed in this court more than one year after the rendition of the decree in the court below and that no citation has been served on the appellee or her counsel. It appears both from the allegations of the plea and from the record that the appeal bond was filed within one year after the rendition of the decree in the court below.

This demurrer must be sustained for the reason that the filing of an appeal bond stops the running of the statute of limitation. *Chambliss* v. *Wood,* 84 Miss. 209, 36 So. 246; *Lumber Co.* v. *Stevenson,* 89 Miss. 678, 42 So. 796; *McAllister* v. *Richardson,* 101 Miss. 132, 57 So. 547. The error in the case of *Beasley* v. *Cottrell,* 94 Miss. 254, 47 So. 662, on which the appellee relies, was pointed out in *McAllister* v. *Richardson, supra.*

*Demurrer sustained.*