McConnon & Co. v. Prine et al.

[90 South. 730, No. 22427.]

1. Guaranty. *Goods being furnished in reliance on guaranty, immaterial that recited consideration of one dollar was not paid.*

In a suit against guarantors under a contract of guaranty reciting a consideration of one dollar paid by the guarantee to the guarantors, said contract guaranteeing payment for the furnishing of goods, etc., to a named person in which the guarantors became bound, absolutely and unconditionally, to pay the guarantee the full amount of such purchases, a plea averring that the recited consideration was not paid to them by the guarantee presents no defense, as the

furnishing of such goods, etc., to the named person constitutes a consideration, and the recited consideration may be shown by proof not to be the real consideration and a demurrer to such plea should be sustained.

2. GUARANTY. *Where contract made no provision for notice to guarantors, plea averring no notice is demurrable.*

Where a contract of guaranty is absolute, unconditional, and continuing, and provides for payment of the guaranteed debt for goods furnished a third person, and contains a clause, "it is understood that there are no conditions or limitations to this undertaking, except those written or printed herein," and where there is no condition or provision for notice of acceptance written or printed in the contract, none is necessary, and a demurrer to a plea averring that no notice of acceptance was given, the guarantors should be sustained.

3. GUARANTY. *Contract may be essential ground of credit and a part of the principal contract, so that creditor may join principal debtor and guarantor.*

While ordinarily a contract of guaranty is separable from the debt of the person whose debt is guaranteed, yet "where the guaranty or promise is made at the same time with the principal contract, and becomes an essential ground of the credit given to the principal debtor, the whole is one original and entire transaction, and the consideration extends to and sustains the promise of the principal debtor, and also the guarantor. No other consideration need be shown than that for the original agreement upon which the whole debt rested;" and in such case the creditor may join all or either in a suit on such debt. The fact that the debt may be evidenced by different instruments is immaterial.

APPEAL from circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Suit by McConnon & Co. against J. L. Prine and others. Demurrers to pleas were overruled, plaintiff declined to plead further, and suit was dismissed, and plaintiff appeals. Reversed and remanded.

*A. M. Edwards,* for appellant.

This is not a conditional guaranty like a letter of credit binding only on conditions of the giving of notice of any

kind but is made absolutely unconditional in express words and agreeing now to guarantee the indebtedness of the said John Leonard Prine in consideration of plaintiff extending credit to the said John Leonard Prine.

The guaranty is not only unconditional, but it expressly defines what alone shall, as against the guarantee, put an end to its continuing force, to-wit: until revoked in writing. We submit that when the guaranty was accepted by plaintiff it then at that moment became binding upon the delivery of the instrument.

The guaranty being an unconditional one, the authorities hold that such notice in case of such a guaranty is not necessary. See *Davis* v. *Wells, Fargo & Co.,* 104 U. S. 159, and cases there cited. *Condon* v. *Laursen,* 135 N. W. 213; *Hughes* v. *Roberts,* 72 S. W. 799; *Sewing Machine Co.* v. *Richards,* 115 U. S. 524; *Buford* v. *Gibbs,* 8 Cush. 154 (Mass.); *Moses* v. *Bank,* 149 U. S. 298; *Hess et al.* v. *Watkins Md. Co.,* 123 N. E. 440 (Ind.); *Duncan* v. *Tooth,* 5 Bing (C.) 577.

We submit that when the guarantors, W. M. Prine, Jr., and B. P. Slay signed and delivered the said guaranty to the guarantee, McConnon & Co., that they then and there unconditionally guaranteed unto the said McConnon & Co. the indebtedness of the said J. L. Prine. Their obligations are absolute and unqualified, freed from all conditions made so by the express terms of the contract, and when the said J. L. Prine made default in the payment of said indebtedness McConnon & Co. had the right to look to the said guarantors for the payment of the indebtedness, and that without any further notice.

In regard to the second assignment of error, we submit that this is also well taken, and that the court committed grave error in dismissing the case because, it is said, that notice of acceptance of the guaranty was said not to have been shown in the said declaration to have been given to the said W. M. Prine, Jr., and B. P. Slay, guarantors; for the reason that such an allegation would have been abso-

lutely unnecessary, and if it had been averred, should have been treated as mere surplusage.   2 S. & M., page 139.

I submit that it is a well-settled rule of law in this country, that where the contract of guaranty, as it is in the case at bar, is absolute and unqualified free from all condition whatever, that no notice of acceptance of the guaranty to the guarantors is necessary.

Without further prolonging the argument here I submit that the judgment of the lower court should be reversed and the case remanded for trial.

*Hilton & Hilton,* for appellees.

There are two reason why this case should be affirmed. We wish first to call the court's attention to the fact that a demurrer was interposed by appellees here to the declaration on the ground that the suit of appellant attempted to sue J. L. Prine on an open account and in such suit joined the other two appellees, W. M. Prine, Jr., and B. P. Slay as guarantors.   It is to be noted that to this declaration is attached the written guaranty of W. M. Prine, Jr., and B. P. Slay.   This guaranty was not signed by J. L. Prine nor by the appellants.   It was an open, continuing and unlimited guaranty of W. M. Prine, Jr., and B. P. Slay to McConnon & Co. for all advances they might make to J. L. Prine in the way of goods, wares, etc.   To this declaration is also attached a sworn itemized account of goods bought by J. L. Prine.   It is a suit in which appellants attempted to hold principal J. L. Prine liable for an indebtedness on an open account and to hold the other two appellees liable for an indebtedness on their written guaranty.

We appreciate the rule of law which gave them the right to either sue J. L. Prine on an open account or they could have sued W. M. Prine, Jr., and B. P. Slay in separate action on written guaranty.   In other words a joint action against J. P. Prine on an open account and against the other two appellees on a guaranty cannot be brought in the same suit.   The cause of action is different.   The parties

are different.  The defense may be altogether different. For instance the principal may not have any defense.  The defense of W. P. Prine, Jr., and B. P. Slay may be *non est factum,* or failure to give notice to them of acceptance of their guaranty.  In other words only those who signed the written contract or guaranty can be sued in the same suit.

We call attention to the case of. *McConnon & Co. v. Richardson,* 78 So. 292, 117 Miss. 345.  We now come to the question and only question stressed by appellant, and that is whether the lower court erred in overruling his demurrer to our special plea number two in which we set up that no notice had been given by McConnon & Co. of the acceptance of the guaranty.

There are a great many authorities on this proposition. We, however, call the court's attention to the fact that the guaranty itself stipulates that the liability of the guarantors is a continuing one, that no time is fixed when their liability shall cease.  No amount of liability is stipulated in the guaranty.  In other words it is an open, continuing, and unlimited, conditional guaranty for future advances to be made by McConnon & Co. to J. L. Prine.  It is not an absolute guaranty, because it could not be an absolute guaranty as it does not fix the time of expiration of liability, nor the amount of liability, nor does it state any present delivery of goods but specifically states for advance to be made in the future.  The case that the counsel relies on, *Davis* v. *Wells, Fargo & Co.,* 104 U. S. 159, is quite a different case from the one at bar.  The Fargo case was a guaranty for a stipulated sum.  The court held that it was an absolute guaranty.

A later case is *Sewing Machine Co.* v. *Richards,* 115 U. S. 524.  That was a case in which there was a guaranty for a stipulated sum, but it failed to recite the consideration and the court held that notice was necessary.  This question has been discussed in a great many other opinions. *Montgomery* v. *Henderson,* 1 Tex. App. Civ. Cas. (White & W.) ; *Long* v. *Hemphill,* 5 Ky. Rep. 771 ; *Estey* v. *Murphy,*

7 Ky. L. Rep., 596; *Mozley* v. *Tinkler,* 1 Cromp. M. & R. 692, 5 Tyrw. 416, 1 Gale 11; *Bay* v. *Thompson,* 1 Pearson (La.) 551; *Fay* v. *Hall,* 25 Ala. 704.  The author of Lawyers Reports Annotated in his footnote Book 16 (New Series 1908), under the case of *Deering & Co.* v. *Mortelle et al.,* page 353, gives the best discussion of this question, under part two denominated introductory.

It will therefore be seen that there is quite a difference made in absolute guaranty and continuing conditional guaranty, guaranties fixed in amount and unlimited guaranties.  In the suit at bar the guaranty was unlimited, continuing and conditional and based upon future advances and under the authorities cited, notice was necessary.  We have been unable to find a single case brought in any state or decided by the supreme court of the United States which hold that a continuing and unlimited guaranty for advances to be made in the future that notice is not necessary.  Our own supreme court has spoken on this matter.  See cases of *Williams* v. *Statton,* 5 Smeade & Marshall, 347; *Montgomery* v. *Kellogg,* 43 Miss. 486; *Ellis* v. *Jones,* 70 Miss. 60.

All of these cases explains the necessity and importance of guarantor receiving notice for such future advances to be made in an unlimited guaranty.  We think that all of the authorities support the contention that where the guaranty is unlimited and indefinite in amount a guaranty for advances to be made in the future, as is the case here, notice of acceptance must be given by the guarantee to the guarantor, before liability is fixed or can be fixed upon guarantor.

We therefore most respectfully submit that this case should be affirmed.

Ethridge, J., delivered the opinion of the court.

The appellant brought suit against J. L. Prine, W. M. Prine, Jr., and B. P. Slay, for goods sold to J. L. Prine by the appellant on a written guaranty signed by W. M. Prine, Jr., and B. P. Slay.  The account was itemized and verified by affidavit, and is made an exhibit to the declaration, as

is also the written guaranty signed by W. M. Prine, Jr., and B. P. Slay, which guaranty reads as follows:

"For and in consideration one dollar, to us in hand paid by McConnon & Co., the receipt whereof is hereby acknowledged, we hereby jointly and severally guarantee, absolutely and unconditionally at all times, payment at Winona, Minnesota, of any indebtedness to the said McConnon & Co., hereafter incurred by or for John Leonard Prine of Weathersby, state of Mississippi, by reason of the sale of goods, wares, merchandise and equipment to him, from time to time, by the said McConnon & Co., regardless of his ability or willingness to pay and we hereby waive notice of any default by the said John Leonard Prine and consent to any extension by McConnon & Co. of time of payment by him.

"This undertaking shall be an open one and shall so continue at all times without respect to residence or location of business of the said John Leonard Prine until revoked in writing by us, the undersigned sureties, notice of revocation to be served on the said McConnon & Co. at its office in Winona, Minnesota.

"It is understood that there are no conditions or limitations to this undertaking, except those written or printed herein, at the date hereof, and that after execution no alteration, change or modification hereto shall be binding or effective, unless executed in writing signed by ourselves and McConnon & Company under the corporate seal of said Company.

"In witness whereof, we have hereunto set our hands and seals at Winona, Minnesota, this 9th day of July, 1919."

The declaration averred that the goods were sold to J. L. Prine after their receipt of said guaranty, and that said defendants were jointly and severally liable to the plaintiff. The declaration failed to aver that notice of acceptance was given the guarantors before the furnishing of said goods. The declaration was demurred to by W. M. Prine, Jr., and B. P. Slay, and the defendant J. L. Prine filed a counter affidavit, denying the item sued on, and

denying he was indebted in any manner to the plaintiff. The demurrer of W. M. Prine, Jr., and B. P. Slay was on the following grounds: First, because the declaration sues these defendants as joint promisors with J. L. Prine, when the exhibit thereto shows they are only guarantors to said contract; second, because the declaration shows on its face that the principal debtor had not been sued heretofore and judgment obtained against him, or that he is insolvent and bankrupt, and further shows that no execution was ever run against the principal defendant for any sum that may be due by him to plaintiff; third, because the declaration fails to show that plaintiff has been diligent in the collection of its debt, or that the terms and conditions of its contract have been complied with; fourth, because there is a misjoinder of causes of action; fifth, because there is a misjoinder of parties. The demurrer was overruled and the defendants, W. M. Prine and B. P. Slay, filed two special pleas: First, that the contract of suretyship on which plaintiff sues defendants avers a consideration of one dollar to the defendants paid by the plaintiff, and that in truth and in fact said consideration was never paid to them by the plaintiff, nor to any other person, and therefore said guaranty is without consideration and void; the second plea alleges that plaintiff should not recover on the guaranty because the guaranty signed by the defendants was for goods to be delivered in future and for an unlimited amount, and plaintiff did not notify defendants within a reasonable time after the same had been received by the plaintiff or said guaranty had been accepted, or that plaintiff intended to ship goods to J. L. Prine on said guaranty; and further that the defendants never received any notice from plaintiff that plaintiff had accepted the guaranty and shipped or sold goods thereon, and received no notice whatever that said guaranty had been accepted until long after the goods were sold and shipped to the defendant J. L. Prine, and long after the account had become due and payable. These two pleas were demurred to, the demurrer overruled, plaintiff de-

clined to plead further, and suit was dismissed, from which this appeal is prosecuted.

We think the guaranty constitutes an obligation without condition or limit other than that stated therein, and that the real consideration was the sale and shipping of articles to J. L. Prine, and that the recited consideration of one dollar does not preclude the plaintiff from showing the real consideration, and that the plea of the failure to pay the one dollar constitutes no defense. The demurrer to said plea should have been sustained. As to the second plea, we are of the opinion that the contract of guaranty was an absolute and unconditional obligation to pay any indebtedness to the plaintiff that might thereafter be incurred by J. L. Prine, and as this contract of guaranty expressly stipulates, "It is understood that there are no conditions or limitations to this undertaking, except those written or printed herein, at the date hereof," dispenses with the necessity of giving notice. The guarantors undertook absolutely to pay any amount that the plaintiff might furnish J. L. Prine, and that no acceptance was necessary to be communicated to the guarantors. There was no provision for any such notice, and in view of the stipulation just mentioned none can be implied or read into the contract; consequently said plea did not constitute a defense. The guarantors had the right to so contract as to bind themselves without such notice, and they have effectually done so.

It is insisted that the demurrer of the plaintiff to the pleas of the defendants ought to be extended back to the declaration on the principle that the demurrer searches the pleadings and will be applied to the first pleading that is demurrable, and that the declaration shows a misjoinder of causes of action and a misjoinder of the parties; and that so extending it will result in affirming the judgment of the court below regardless of the merits of the two pleas above set forth.

A careful reading of the contract of guaranty shows that the obligation of the guarantors and the principal, J. L.

Prine, springs simultaneously from the act of the creditor, the plaintiff, in selling or furnishing the goods to J. L. Prine. In the case of *Wren* v. *Pearce,* 4 Smedes & M. 91, the principle was discussed which we think applicable to this case at page 97 of that report where the court said:

"But for another reason, the objection could not be sustained in this case. 'Where the guaranty or promise, though collateral to the principal contract, is made at the same time with the principal contract, and becomes an essential ground of the credit given to the principal debtor, the whole is one original and entire transaction, and the consideration extends and sustains the promise of the principal debtor, and also of the guarantor. No other consideration need be shown, than that for the original agreement upon which the whole debt rested, and that may be shown by parol proof, as not being within the statute' [citing authorities]. This principle covers the present case, because in the declaration the guaranty is averred to have been made at the time of the delivery of the goods, and the promise to guaranty to have been made before."

As we see the record the obligation of each of the defendants springs out of the same transaction at the same time, and each of the defendants are individually liable to the creditor for the goods. A payment by either would satisfy the account, or a partial payment by each would reduce it to the extent of the payment. The contract was not to guaranty the solvency of J. L. Prine, but was an obligation on the part of the guarantors to pay the account; consequently the creditor had the right to resort to all or either of them. Ordinarily the contract of guaranty is separate from that of the principal debtor, and where the contracts are separable and made on different considerations a joint action could not be maintained; but where all are primarily responsible and where the liability of each springs out of the same act, the fact that the obligation of the different defendants may be evidenced in a different manner would not prevent suit from being maintained

against them jointly and severally, nor would it make the causes of action separate and distinct. In 20 Cyc., p. 1484, under the head "Parties" it is said:

"The rule formerly was that a contract of guaranty, being separate and distinct from the principal contract, a joint action could not be maintained against the principal and guarantor of an obligation. But this rule has been greatly modified by the Codes of various states which now often permit one action to be maintained against both principal and guarantor. Some cases also distinguish between a guaranty executed simultaneously with the principal contract and one made thereafter, based upon a separate consideration. The principal debtor is not a necessary party. Persons who have jointly guaranteed the payment of a note which is payable to themselves may be sued either jointly or severally."

So we think in the present case the plaintiff had a right to sue all the parties in the same account, and the judgment of the court below will be reversed, and the cause remanded:

*Reversed and remanded.*