### PITTSBURG PLATE GLASS CO. *v.* FOOTE.*

#### (Division B.   Sept. 27, 1926.)

#### [109 So. 606.   No. 25397.]

GUARANTY.   *Letter held to amount to no more than mere collateral guaranty of account, and not to be an original undertaking, so that guarantor was released by extension without his knowledge or consent of time of payment.*

> Letter from defendant to plaintiff, saying, "Referring to order placed with you this date by R., . . . I will guarantee payment of account when due, ninety days from date of invoice," *held* not an original undertaking nor one of suretyship, but a mere collateral guaranty of account, so that guarantor was released by extension, without his knowledge or consent, of time of payment, by creditor at end of ninety days accepting debtor's eight months' note.

---

*Corpus Juris-Cyc References: Guaranty, 28 CJ, p. 1000, n. 36; p. 1001, n. 54.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by the Pittsburg Plate Glass Company against George M. Foote. Judgment for defendant, and plaintiff appeals. Affirmed.

*W. L. Guice,* for appellant.

We know that in general the law is that an extension of the time of the payment of a debt, without the consent of the guarantor, will release the guarantor from liability to pay the debt and we simply stand on the one question; that is, the guaranty in this case by Mr. Foote was a part of the original undertaking and that for this reason the above rule will not apply.  28 C. J., p. 1001. This is such a state of facts as will bring the case under *McConnon & Co.* v. *Prine,* 90 So. 730.

In our case the goods would not have been shipped without the agreement made by Mr. Foote, but the order was shipped on this agreement and comes within the meaning of the case cited above; and if we are right in this conclusion, then in our opinion, the extension of time for payment given by the appellant to the principal firm did not release the guarantor and the appellant was entitled to the instruction requested and to a judgment for the full amount sued for.

*Gardner & Brown,* for appellee.

The judgment of the lower court is correct and should be affirmed.  While cases of this character may seem to be inequitable, nevertheless, contracts of guaranty are rigidly construed and the law must be followed regardless of the consequences.  The letter written by Mr. Foote, appellee, was merely a letter of guaranty and not one of suretyship.  The difference between a contract of guaranty and one of suretyship is substantial.  Under the one of suretyship notice of acceptance and notice of default must be given, nor can there be any departure from the strict terms of the instrument without the consent of the guarantor unless the guantor be discharged. The case at bar is easily distinguished from that of *Galloway Coal Co.* v. *Hunter,* 79 Miss. 559.; *McConnon & Co.*

v. *Prine*, 90 So. 730, (cited by appellant) and other cases similar in fact and in principle.

In the instant case we have only a simple letter of guaranty written by appellee, holding himself liable for the payment of the account at a specified time stated in the letter; namely, ninety days from date of invoice. But after this account became due and without the consent of the appellee, appellant extended the time for payment by accepting a note from Reed & Roux, to whom the goods were sold, thereby tying their hands until the maturity date of the note, so far as any enforcement of collection is concerned.

A material alteration in a contract of guarantee, made without the consent of the guarantor, discharges the guarantor. 12 R. C. L., par. 35, p. 1083. And by the same principle, if the creditor grants an extension of the time within which payment of the principal obligation must be paid, if binding on the creditor so as to prohibit him from enforcing the obligation for the extended period, constitutes such a material alteration as will release the guarantor. 12 R. C. L., par. 36, p. 1084.

Holden, P. J., delivered the opinion of the court.

The appellant, Pittsburg Plate Glass Company, sued appellee, George M. Foote, to recover $607 for goods sold and delivered to Reed and Roux, the payment of which Foote had guaranteed by a letter written to appellant before the goods were sold and delivered to Reed and Roux. The letter of guaranty was as follows:

"Gulfport, Mississippi
"June 17th, 1922.

"Pittsburg Plate Glass Co.,
   "New Orleans, La.
"Gentlemen:
   "Referring to Order placed with you this date by Mess. Reed & Roux amount to approximately $650 I beg

to say that I will guarantee the payment of this Account when due, that is 90 days from date of Invoice.

"Yours very truly,

"GEO. M. FOOTE."

Upon the faith of this letter of guaranty, the goods were sold, and afterwards when the purchasers, Reed and Roux, failed to pay for them, this suit was filed which resulted in a judgment in favor of Foote upon that ground that the creditor had extended the time of payment without the knowledge or consent of the guarantor.

It appears that when the account became due, "ninety days from date of invoice," no notice of its maturity was immediately given to the appellee, the guarantor, and Reed and Roux secured from appellant an extension of time in which to make payment by executing a note for the $607, payable to appellant eight months after date. Appellant requested Foote to endorse this note but he refused to do so, whereupon, without further consulting Foote, appellant accepted the note covering the account guaranteed by the appellee, Foote, and the matter rested there for a considerable length of time.

After the note was given, but before it was due, Reed and Roux were adjudicated bankrupt, and appellant instituted this suit to recover against Foote under the letter of guaranty. Foote contended, and the lower court sustained his contention, that the acceptance of the note by appellant was an extension of time for payment of the account and was without the guarantor's knowledge or consent and was a material alteration of the original guaranty, and constituted a release of the guarantor.

The appellant urges a reversal of the decision of the lower court upon the ground that the guaranty of the account by Foote was a part of the original undertaking, and, for this reason, the rule releasing a guarantor where the time of payment of the debt is extended without the knowledge or consent of the guarantor, does not apply in this case, and 28 C. J. 1001 is cited to support this

view; also the case of *McConnon & Co.* v. *Prine,* 90 So. 730, 128 Miss. 192, is referred to as being in point and controlling on the question.

We are unable to agree with the view presented by counsel for appellant. Neither of the citations is in point because the letter of guaranty in the case at bar was not an original undertaking by the guarantor, but was merely a guaranty with the legal limitations thereto, and not one of suretyship.

The McConnon case cited by appellant, supra, does not support his contention in the case before us, because it will be plainly observed upon a careful reading of that case that the form of the written guaranty there was quite different from the letter of guaranty in the instant case. The written guaranty in the McConnon case provided, among many other things, that no notice to the guarantor would be required, and "that there are no conditions or limitations to this undertaking, except those written or printed herein."

But in the case before us, the letter amounts to no more than a mere guaranty of the account; and when the time of payment was extended, by acceptance of a note for the amount by the creditor, the guarantor was thereby released from the obligation. The guaranty was not in form or substance an original undertaking by the guarantor, but the obligation was collateral and the guarantor had the right to rely upon the law to protect him against extension of the time of payment or any other material alteration in the original guaranty, 12 R. C. L., pars. 35-36, pp. 1083-1084.

The judgment of the lower court will be affirmed.

*Affirmed.*