## A. M. McKinzie *v.* Mrs. H. C. Fellows.

### [57 South. 574.]

Appeal and Error. *Failure to file transcript. Dismissal. Code of* 1906, *sections* 4902-4906.

Where a transcript should have been filed in the supreme court on or before the third Monday in January as provided for in Code of 1906, sections 4902-4906 and a motion was made to docket and dismiss the appeal, but the transcript was filed within four days after such motion, the court overruled the motion to docket and dismiss, holding that appellant was not in fault in the matter as had he gotten out a *certiorari* to the clerk to send up the record, and such writ would not have obtained the record much if any sooner than the date on which it was in fact filed in the court.

Appeal from the chancery court of Jones county.

Hon. Sam Whitman, Chancellor.

Suit by A. M. McKinzie against Mrs. H. C. Fellows. From a decree for defendant, plaintiff appeals. Motion to docket and dismiss the appeal.

The facts are fully stated in the opinion of the court.

*Henry Hilbun* and *Shannon & Street,* for motion.

*R. E. Halsell, contra.*

Smith, J., delivered the opinion of the court.

The decree in this case was rendered on the 26th day of April, 1911, and the appeal bond was executed and filed on the 12th day of June, 1911. Under sections 4902 and 4906 of the Code of 1906, the transcript of the record should have been filed in this court on or before the third Monday (15th) of January, 1912. This the clerk of the lower court failed to do, and on the 27th day of January, 1912, this motion to docket and dismiss was filed. Thereafter, on the 31st day of January, 1912, the transcript of the record was filed with the clerk of this

court.  The clerk of the lower court had until the third Monday of January, 1912, in which to file the transcript of the record in this court, and appellant could have done nothing to compel him to file it earlier than that date. When he failed to file the transcript of the record on the third Monday of January, appellant could then have moved for a writ of *certiorari* directing him to send up the record; but such a writ would not have obtained the record much, if any, earlier than the date on which it was, in fact, filed in this court.

Consequently appellant was not in fault in the matter, and the motion to docket and dismiss is overruled.  See *McAlester* v. *Richardson,* 57 South. 547, this day decided.                    *Overruled and dismissed.*