## Richmond Paper Co. *v.* Bradley.

### [76 South. 544, Division B.]

Guaranty. *Discharge of guarantor. Proving claim against bankrupt debtor.*

> The probation of a creditor's claim in bankruptcy against the estate of his debtor and the acceptance of a dividend will not preclude the creditor from relying on the guaranty.

On suggestion of error. For former opinion, see 75 So. 381.

Per Curiam.

A re-examination of the record leads us to conclude that the several decrees rendered by the chancery court are in conflict one with the other. Complainant is made in the suggestion of error of that portion of the opinion indicating that the demurrer to the amended cross-bill should have been overruled. While there is a decree sustaining the demurrer to cross-bill, there is also a decree rendered in term time submitting the case to be tried in vacation upon bill, answer, and amended cross-bill, answer to the cross-bill, motion to suppress depositions, and the depositions on file. This decree was rendered March 10, 1916, the same day upon which the decree was entered sustaining the cross-bill as finally amended. Then, there is the final decree rendered in vacation of the court May 26, 1916, and reciting that the cause came on to be heard in vacation "upon original bill answer and cross-bill of defendant, and answer of complainant to cross-bill of the defendant, despositions of complainant, depositions of defendant, and motion of complainant to suppress depositions of defendant." The depositions and the so-called letter of guaranty are all copied into the record, and it is practically impossible for this

court to determine the importance, if any, which the chancellor attached to the letter relied upon, or the proof in reference thereto. We agree with counsel for appellee in his contention that the letter, or true cópy thereof, should have been made a part of the cross-bill. Good pleading demands this. In the present attitude of the record we adhere to our conclusion that the decree of the learned chancellor should be reversed, but we think the cause should be remanded for a new trial, with leave to either party to amend the pleadings in accordance with each party's view of the proof.

The probation of appellant's claim in bankruptcy against the estate of Barker, and the acceptance of any dividend, would not preclude appellant from relying upon the guaranty. The acceptance of the guaranty would not destroy the relationship of creditor and debtor between appellant and Barker, but any dividend declared by the bankruptcy court should, of course, be credited upon the debt guaranteed, and the balance due is a matter of proof.