ELY & WALKER DRY GOODS CO., INC., *v.* POWELL.

(Division A. Nov. 4, 1929.)

[124 So. 329. No. 28089.]

R. H. Nason, of Ackerman, for appellant.

H. F. Jones, of Belzoni, for appellee.

Smith, C. J., delivered the opinion of the court.

The appellant brought an action at law against the appellee on a written instrument by which the appellee guaranteed the payment of any indebtedness that might become due from Powell & Co., a corporation, to the extent of two thousand dollars. The case was transferred to the court below, where the pleadings were reshaped in accordance with equity practice, and the case was tried on bill and answer, resulting in a decree for the appellant for less than the amount sued for, from which it has brought the case to this court. The facts, in substance, are as follows:

The appellant is engaged in the wholesale, and Powell & Co. was engaged in the retail, mercantile business. The appellee executed and delivered to the appellant a writ-

ten guaranty as hereinbefore referred to, which the reporter will set out in full. Powell & Co. purchased from the appellant merchandise to the amount of seven thousand one hundred five dollars and forty-one cents. An involuntary petition in bankruptcy was filed against Powell & Co., and it was adjudged a bankrupt, and, in a composition with its creditors, it was adjudged to pay them twenty-five per cent. of their claims, resulting in the appellant being paid one thousand seven hundred seventy-six dollars and thirty-five cents on its claim, leaving a balance thereon unpaid of five thousand two hundred thirty-nine dollars and six cents. This suit was then brought by the appellant to recover from the appellee the amount of his guaranty. The court below credited the one thousand seven hundred seventy-six dollars and thirty-five cents received by the appellant in the bankruptcy proceedings on the guaranty of two thousand dollars and awarded the appellant a decree for the balance of two hundred twenty-three dollars and sixty-five cents with interest thereon.

The contention of the appellee is that any payments made on the debt originally due by Powell & Co., to the appellant inured to his benefit, and when payments thereon to the amount of his guaranty have been made the guaranty becomes thereby canceled, and the court below erroneously so held.

The guaranty contains no restriction upon the amount of the credit that was extended to Powell & Co. by the appellant, but limits only the amount the appellee is liable therefor, and expressly guarantees the payment of "any unpaid balance due on any account." It follows therefore, necessarily, that any payments by Powell & Co. on the amount due by it to the appellant do not affect the appellee's liability, to the extent of his guaranty, for any balance due by Powell & Co. on the account. The one thousand seven hundred seventy-six dollars and thir-

ty-five cents collected by the appellant in the bankruptcy proceedings should, of course, be credited on the amount due by Powell & Co., both under the provisions therefor in the guaranty, and the general law. Richmond Paper Co. v. Bradley, 115 Miss. 534, 76 So. 544. But, when this is done, there will remain a balance due it in excess of the appellee's guaranty, and he is liable therefore to the appellant to the full amount of his guaranty.

The guaranty covers eight per cent. interest on any balance that may be due to the appellant by Powell & Co., but limits the appellee's liability thereon to two thousand dollars to which interest, at the rate of six per cent. per annum, under section 2223, Hemingway's 1927 Code, section 2678, Code of 1906, should be added from the day on which the appellee defaulted in the payment thereof. 28 C. J. 966.; Manry v. Waxelbaum Co., 108 Ga. 14, 33 S. E. 701.

It does not appear from this record that any demand was made on the appellee for the payment of his guaranty prior to the filing of the appellant's declaration in the circuit court on December 2, 1927; consequently, interest on the guaranty must be calculated from that date.

The judgment of the court below will be reversed, and judgment will be rendered here for the appellant in the sum of two thousand dollars with six per cent. interest thereon from December 2, 1927.

Reversed, and judgment here for the appellant.