DOMERGUE *v*. MAYER-ISRAEL COMPANY.

(Division B. Nov. 9, 1931.)

[137 So. 486. No. 29570.]

A. A. Hearst and R. J. Bishop, both of Hattiesburg, for appellant.

Currie, Stevens & Currie, of Hattiesburg, for appellee.

Ethridge, P. J., delivered the opinion of the court.

On October 4, 1929, the appellant, E. J. Domergue, sent to appellee, Mayer-Israel Company, at New Orleans, La., the following instrument of writing:

"I request that you open an account in the name of Leo S. Domergue and I hereby guarantee said account to the extent of One Hundred Dollars, during such time as it may be open on your books, or until this guarantee is recalled. I understand your terms to be—

"Respectfully,                    E. J. DOMERGUE."

The appellee, Mayer-Israel Company, opened an account with Leo S. Domergue and extended not only credit to the amount of this guaranty, but to the amount of two hundred eighty dollars. Leo S. Domergue made some small payments upon the account thus opened, but failed to pay the account in full, and suit was brought against him individually without joining E. J. Domergue, in which suit a judgment was recovered for the amount due by Leo S. Domergue which was in excess of the amount guaranteed by E. J. Domergue. After this judgment was rendered against Leo S. Domergue, an execution was issued, and the appellant, E. J. Domergue, furnished Leo S. Domergue money amounting to sixty dollars, being for different amounts at different periods, which was paid by Leo S. Domergue to the appellee on account, but without any understanding on the part of appellee that E. J. Domergue was making these payments or had directed them to be made on the guaranty.

The appellee, Mayer-Israel Company, plaintiff in the county court, filed suit upon the above instrument, and

sought judgment against E. J. Domergue for the amount of the guaranty.

E. J. Domergue denied the amount of the guaranty, but admitted the debt to be forty dollars, and tendered that amount, setting up by way of pleadings, the payment of sixty dollars of the amount of the guaranty, leaving only forty dollars to be due.

It was agreed on the trial of the case below that E. J. Domergue executed said guaranty, and an account was opened and credit extended to the amount of two hundred eighty dollars, upon which small payments had been made, and that the appellant, E. J. Domergue, had paid through his son, without giving notice or directions that the money was to be paid on his (E. J. Domergue) guaranty, sixty dollars; but that after the payment of this sixty dollars more than the amount of the guaranty would still be due by Leo S. Domergue.

There was a judgment in the county court originally for forty dollars, but on appeal to the circuit court the judgment of the county court was reversed with directions to render judgment for the full amount of one hundred dollars. An attempted appeal was made from this order, but the appeal was dismissed, and thereafter the county court entered judgment for one hundred dollars and costs, from which an appeal was prosecuted to the circuit court where the judgment was affirmed, from which judgment of the circuit court this appeal was prosecuted.

We are of opinion that the guaranty is a continuing one under its terms, and that it guarantees the amount of one hundred dollars standing upon the open books of the appellee, Mayer-Israel Company, until the guaranty was revoked or recalled. There is no pretense that there was any recall or revocation of the guaranty.

We do not think the appellant is entitled, under the circumstances detailed, to have the money which he furnished his son to pay on the account credited on appel-

lant's liability as guarantor. There was, admittedly, no direction by appellant to have it so applied, and no declaration by Leo S. Domergue as to the source from which he obtained the money. The creditor had the right to assume that the money in the possession of Leo S. Domergue was his own money, and it was in legal contemplation, and we cannot require it to be credited upon the guaranty.

We think these views are sustained by Ely & Walker Dry Goods Co. v. Powell, 155 Miss. 266, 124 So. 329, and Peoples' Bank v. Stewart, 152 Mo. App. 314, 133 S. W. 70.

The judgment of the circuit court will therefore be affirmed.

Affirmed.