## Max N. Tobias Bag Co., Inc. *v.* Delta Cotton Oil Co.

(Division B.   December 21, 1942.)

[11 So. (2d) 210.   No. 35191.]

**Green & Green,** of Jackson, for appellant.

Butler & Snow, of Jackson, for appellee.

**Anderson, P. J.**, delivered the opinion of the court.

Appellant, the bag company, brought suit in the circuit court of Hinds County against appellee, the oil company, to recover the sum of $1,000. There was a trial and judgment in favor of the oil company. From that judgment the bag company failed to perfect an appeal to the Supreme Court. The bag company filed its bill in this case in the chancery court of Hinds County to set aside that judgment for reasons set out, and to recover a judgment against the oil company on the same cause of action. The cause was heard by the chancellor on original, amended and supplemental bills, exhibits and demurrer thereto. The demurrer was sustained and the bills were dismissed. From that decree this appeal is prosecuted by the bag company.

The following is the case made by the bills: After the judgment in the circuit court the bag company complied with Section 725, Code of 1930, in reference to giving the Court Reporter notice to transcribe his notes of the evidence and rulings of the court for the purpose of an appeal to the Supreme Court, and in addition executed

the appeal bond required by statute for that purpose, which was duly approved. The Court Reporter died without having complied with the notice. The presiding judge in the circuit court was W. H. Potter. He died without having signed a bill of exceptions in the case as provided by Sections 587 and 589, Code of 1930. There was still left to the bag company the right to a bill of exceptions prepared and sworn to by its attorney as authorized by Section 589. The bag company's attorney lived about eight months after the circuit court judgment was rendered and died without getting the case up to the Supreme Court in that manner. The applicable provision of Section 589, is in this language: "If the death, resignation, or other incapacity of the judge shall prevent him from signing a bill of exceptions, the affidavit of the attorney of record who represented the party tendering the bill of exceptions, and of all of them if more than one, that it correctly states the facts and rulings of the court, shall be received as a substitute for the signature of the judge to it; but in such case, if the appellee shall file in the Supreme Court an affidavit of himself or his attorney in the court below, that the bill of exceptions is not correct, stating particularly wherein it is not correct, he may file any affidavits than his own touching the matter, and the opposite party may do likewise up to the time of the call of the case for trial in the Supreme Court; and said court shall consider and determine, on submission of the case, both as to the truth of the bill of exceptions and the questions involved in what the court may determine to be the bill of exceptions."

There was no charge that these conditions were brought about either by the fraud or procurement of the oil company. The gravamen of the bag company's case seems to be a mistake. The governing principles are laid down by Griffith's Chancery Practice, Section 440, and McClanahan v. O'Donnell, 148 Miss. 478, 114 So. 336. When

that case was decided the controlling statutes were the same as they are now. Paragraphs 2 and 3 of the syllabus in that case fairly state what the court decided. They follow:

"An appeal is solely a statutory right, and, in the absence of fraud or fault on the part of the opposing litigant to secure judgment or decree in his favor, party desiring to appeal therefrom must assume [sic pursue] remedy by statute.

"Since Legislature, under Hemingway's Code 1927, sec. 599, and Code 1906, sec. 796 (Hemingway's Code, sec. 594), has provided a plain and direct remedy for appellant in case of death of stenographer before filing copy of notes, or in case of failure to do so, and also for securing bill of exceptions in case of death, resignation, or incapacity of trial judge, remedy provided therein must be pursued by one desiring to appeal from an adverse ruling or decision, and appellants were not entitled to have original decree vacated and rehearing on ground that they were unable to prepare statement of evidence after the stenographer, who had taken greater part of evidence, absconded without filing transcript."

The failure of the bag company to get its case to the Supreme Court was the result of its own fault and not that of the oil company.

Affirmed.