STATE EX REL. PATTERSON, ATTY. GEN., et al.
*v.* AUTRY, et al.

No. 41003          April 6, 1959          110 So. 2d 377

*Matthew Harper, Jr.,* Asst. Atty. Gen., Jackson, for appellant.

*Fred B. Smith, Robert B. Smith, III,* Ripley, for the appellees.

GILLESPIE, J.

The State of Mississippi filed suit in the Chancery Court against Douglas Autry and the five members of the County Board of Education of Benton County, Mississippi, for the recovery of about $78,000. After a lengthy hearing extending over about seven days, during which oral and documentary evidence was introduced, the chancery court entered a decree on October 1, 1957, rendering judgment in favor of the State against Douglas Autry for $13,879.00, and dismissed the bill of complaint against the other defendants. The State, being aggrieved

by this decree, perfected an appeal to this Court, and gave due and timely notice to the official court reporter to transcribe and file his notes. The reporter, on November 30, 1957, applied to the chancellor for additional time within which to file the transcript of his notes. See Section 1642, Mississippi Code of 1942, which authorizes an additional time of thirty days only. The chancellor gave the reporter sixty days' additional time. The transcript was not filed with the additional sixty days, and an additional sixty days was granted by the chancellor on January 29, 1958. On March 29, 1958, the chancellor granted the reporter an additional sixty days time from that date. The transcript was not filed. On April 25, 1958, the State filed a petition for a writ of certiorari. This petition was sustained as to the clerk, but denied as to the reporter. (This writ may be directed only to the clerk). The clerk of the chancery court sent up and filed his portion of the record. The State continued efforts to secure the filing of the court reporter's transcript to no avail, and it appears that the reporter has left the State and his whereabouts are now unknown. The State did not comply with Section 1644, Mississippi Code of 1942, by preparing a bill of exceptions.

With the case in this posture, the State, hereafter called appellant, filed a motion to remand the case to the Chancery Court of Benton County for a retrial on the merits. The members of the School Board of Benton County and Douglas Autry, hereafter called appellees, filed a motion to dismiss the appeal. These motions were briefed and submitted together.

Considering first the motion of appellant to remand the case for trial, it should be said at the outset that what appellant requests is for this Court to give all the relief it could grant if the case were reversed and remanded after consideration of the merits of the appeal. The right to an appeal is one regulated by statute. Steele v. Shirley, 9 S. & M. 382; State, ex rel.

v. Poplarville Sawmill Company, 119 Miss. 432, 81 So. 124. It has long been the settled law of this State that appeals are not a matter of right except insofar as the right is given by statute. Bridges v. Clay County, 57 Miss. 252; Jones v. Cashin, 133 Miss. 585, 98 So. 98. ■■ And in order to obtain an appeal, a party must comply with the statute. Union Motor Co. v. Cartledge, 133 Miss. 318, 97 So. 801. The statute itself must supply the right, else it does not exist. Jackson v. Gordon, 194 Miss. 268, 11 So. 2d 901.

It is conceded that appellant has done all things requisite to perfect its appeal except prepare a bill of exceptions as required by Section 1644, Mississippi Code of 1942. That section provides in part as follows:

"If the original or the copy of the court reporter's notes shall be lost or destroyed, or defaced in any manner, or if the court reporter shall die, resign or be unable or otherwise shall fail to transcribe his notes and furnish a typewritten copy of his notes, sixty days additional time shall be allowed for the preparation of a bill of exceptions, or as the case may be, another copy of the transcribed notes. In case a copy of the transcribed notes cannot be furnished, a bill of exceptions may be prepared within the time stated as in cases where no court reporter takes down the evidence."

■■ In the absence of fraud or fault on the part of the opposing litigant, the bill of exceptions is the only method provided by law for bringing before this Court the evidence and proceeding of the Lower court. McClanahan v. O'Donnell, 148 Miss. 478, 114 So. 336. ■■ There is no charge that appellees were guilty of fraud or were in any manner responsible for the dereliction of the court reporter. Therefore, we overrule the motion to remand the case for trial.

■■ The appellant argues that a bill of exceptions would not have fairly and adequately presented this case to this Court; that seven days of testimony was heard

by the lower court and hundreds of exhibits were considered. We must, nevertheless, overrule the motion to remand the case, since there is no suggestion that the opposite parties were guilty of fraud or were anywise at fault in the failure of the appellate processes. This court is without power to set aside that decree and require the successful parties to again defend themselves except in cases where this Court can say that the lower court's decree was erroneous. Undoubtedly, the reporter's failure has worked a hardship on the State. The law, however, does not authorize this Court to order the case remanded to the lower court for trial. In such a situation, the presumption of the correctness of the lower court's decree is conclusive.

■■ We also sustain the motion of appellees to dismiss the appeal. Ordinarily, we would not dismiss the appeal merely because the transcript of the reporter's notes were not filed. Appellant would have the right to have the appeal heard on the Clerk's record. However, in this case, the appellant concedes that the case cannot be fairly and adequately presented to this Court in the absence of the transcript. Since there is no transcript, it would be useless to entertain the appeal.

Motion to remand the case for trial overruled; Motion to dismiss appeal sustained.

*Roberds, P. J.,* and *Lee, Kyle* and *Arrington, JJ.,* concur.