HARGRAVES, et al. *v.* HAMILTON, et al.

No. 43162 February 24, 1964 161 So. 2d 179

*Robert L. Netterville,* Natchez; *Forrest B. Jackson,* Jackson, for appellants.

*Brandon, Brandon, Hornsby and Handy, Laub, Adams, Forman and Truly,* Natchez, for appellees.

## ON MOTIONS, TO REVIVE, DOCKET AND DISMISS, ETC.

RODGERS, J.

Josephine Hargraves, and others, appellants, brought this suit in the Chancery Court of Adams County on December 15, 1958, against Luella Hamilton, Admiral A. S. Merrill, Norma Hamilton, Marlin Exploration, Inc., and others, for the purpose of confirming and quieting title to certain lands described in the bill of complaint alleged to belong to the complainants. Some of the parties were voluntarily released, and answers were duly filed, and the various claims and issues presented to the chancellor were heard and determined by the chancery court, and final decrees were entered in favor of the defendants, appellees here, as follows: Decree dated February 24, 1960, in favor of Barnett Serio,

et al.; final decree dated February 25, 1960, in favor of M. L. Williams; final decree in favor of Lucille Hamilton, dated February 25, 1960; final decree dismissing the original bill as to the remainder of the defendants, dated September 28, 1960.

The complainants in the court below gave notice to the court reporter as the various decrees were entered. The last notice was dated September 29, 1960. The notice to the court reporter and bonds for appeal were duly filed in the time allowed by law.

The court reporter quit her job and left the State, and has never filed a transcript of the stenographic notes taken at the trial.

The record of the case (pleadings, bonds, exhibits and decrees) was not filed by the chancery court in the Supreme Court until February 3, 1964.

On January 20, 1964, certain of the appellees filed a motion in this Court to revive, docket and dismiss the appeal. The motion sets out that since the final decrees were entered in the chancery court, Admiral A. S. Merrill and Luella Hamilton, two of the original defendants, have died, and that the action should be revived in the name of their legal representatives; that, thereafter the appeal should be dismissed, because appellants have not complied with the statutory method of appeal, so as to give the Supreme Court jurisdiction of the cause of action. Later, Louise G. Merrill, Executrix of the will of A. S. Merrill, filed a special joinder in the motion to docket and dismiss, and on February 5th the legal representatives of Luella Hamilton also filed a special joinder in the above motion.

The chancery clerk sent up to this Court the record without the transcript of testimony on February 3, 1964. On February 4th, appellee made an additional motion to strike the record filed by the chancery court. On February 10, 1964, attorneys for appellants filed a bill of exceptions purporting to set out the testimony in-

troduced in the chancery court. This bill of exceptions was not signed by the chancellor, but was verified by the oath of the attorneys representing the appellants. Whereupon, on February 10, 1964, the appellees filed a motion to strike the bill of exceptions. The appellants then made a motion (February 10, 1964) asking the Court to dismiss the motion of the appellees to docket and dismiss, and to "hear this case on its merits."

I

The issue to be determined here is whether or not this Court will permit the appellants to file a bill of exceptions in lieu of the transcript of the testimony, and permit the clerk to file the transcript of the record three years after the appeal was taken, against the objection of appellees to such procedure.

▆▆ ▆ The last notice to the court reporter in this case required her to transcribe and file her notes on or by December 24, 1960. There is, of course, no problem with reference to the revival of the action. Section 1968, Miss. Code 1942, Rec., provides, in part, that "If either the appellant or the appellee died after the case has been removed to the Supreme Court, and before the decision thereof, the suit shall not abate, but the legal representatives of the deceased parties may voluntarily make themselves parties, and have the cause revived * * *". The motion to revive in the name of the legal representatives of the deceased appellees will necessarily be allowed without regard as to whether the appeal is heard on its merits or is dismissed.

II

We next consider the motion of the appellees to strike the bill of exceptions filed by the attorney of the appellants.

The pertinent parts of §1644, Miss. Code 1942, Rec., are as follows: "* * * If the original or the copy of

the court reporter's notes shall be lost or destroyed, or defaced in any manner, or if the court reporter should die, resign or be unable or otherwise should fail to transcribe his notes, and furnish a typewritten copy of his notes, sixty days additional shall be allowed for the preparation of a bill of exceptions, or as the case may be, another copy of the transcribed notes. In case a copy of the transcribed notes cannot be furnished, a bill of exceptions may be prepared within the time stated, as in cases where no court reporter takes down the evidence. * * * In the event of the death or incapacity of the trial judge, or of his refusal to sign the transcribed notes as above provided, then such transcribed notes, or the aforesaid substitution, can be made a part of the record by the attorneys who represent the party taking the appeal making affidavit to the correctness of such notes * * *''.

 █ In the case of State, ex rel., J. T. Patterson, Attorney General v. Autry, 236 Miss. 316, 110 So. 2d 377, this Court pointed out that in the absence of fraud, or dereliction on the part of the opposing litigant, a bill of exceptions is the only method provided by law for bringing before the Court the evidence and proceedings of the lower court. The Court cited McClanahan v. O'Donnell, 148 Miss. 478, 114 So. 336. Cf. also Max N. Tobias Bag Co., Inc. v. Delta Cotton Oil Co., 193 Miss. 873, 11 So. 2d 210.

There are several cases heretofore reported from this Court wherein a motion to docket and dismiss was overruled, on the ground that the transcript of the record was not filed within the time permitted by the Court. The reason usually given for overruling such motion is that a record was perfected and filed in this Court by the time it could have been obtained by certiorari, or there was no undue delay, and there was no negligence shown on the part of the appellant. McKinzie v. Fellows, 101 Miss. 226, 57 So. 574; McAllister

v. Richardson, 101 Miss. 132, 57 So. 547; Boyd v. Hawkins, 59 Miss. 325; J. J. Newman Lbr. Company v. Lucas, 108 Miss. 784, 67 So. 216. In the latter case, this Court pointed out that "When the return day has passed, however, without the record being filed, it then becomes the duty of the appellant to seasonably apply to this Court for whatever aid he may need to obtain the filing of the record. On his failure so to do, the cause will be dismissed, under section 4921 of the Code, if the rights of the appellee have been thereby prejudiced, unless it further appears that appellant was guilty of no negligence in the matter", citing Y. & M. V. R. R. Company v. McCarley, 63 South 335.

The trial judge refused to sign the bill of exceptions filed by appellants. Their attorneys signed and verified under oath, the statement of the testimony and evidence alleged to have been introduced in the trial of the case in the chancery court in the form of a bill of exceptions. Appellees show by their counter-affidavit that some of the testimony is incorrect, and that only a few of the many exhibits, deeds, maps and records were attached to the bill of exceptions.

██ We have carefully examined the bill of exceptions, the counter-affidavit, and exhibits, and we are of the opinion that these records are insufficient evidence on which to base a judgment contrary to the decree of the chancery court. Moreover, the bill of exceptions was filed after the time allowed by §1644, Miss. Code 1942, Rec., and for these reasons we are of the opinion that the motion to strike the bill of exceptions should be sustained.

## III

██ The record filed by the chancery clerk in this Court consists of exhibits, deeds and maps, and without testimony to explain them they are of little value to this Court. The time for filing these records in this

Court has long passed. Section 1955, Miss. Code 1942, Rec., makes the return day in the Supreme Court the first day of each term of court and such other days as may be designated by rule or order of the Court, except in cases where appeal is provided for in term time. By Revised Rule 8 of the Rules of this Court, the additional return days are the "First Monday of January, May, and July."

Section 1966, Miss. Code 1942, Rec., permits the Court to dismiss an appeal when the copy of the record from the court below has not been filed with this Court. The case may be reinstated during the term if the party can show that he was not guilty of any negligence.

 ██ In the instant case, five terms, three years have passed since the appeal bond was filed in the court below. The appellants, however, insist that they are not guilty of negligence because they say they have made every effort to secure the transcribed records and that they released the "oil runs" to the appellees, and were "under the impression * * * that the appellants would be indulged what time necessary in order to have the court reporter to transcribe her notes and file them in this cause." Appellees, however, deny that there was any agreement to delay the appeal.

Rule 23 of the Rules of this Court provides that "No agreements between counsel will be regarded unless reduced to writing and filed by them." This Court has carefully adhered to this rule. See Williams v. Meridian Light & Ry. Co., 114 Miss. 73, 75 So. 59. In the case of Miller, State Revenue Agent v. Phipps, 152 Miss. 437, 119 So. 170, this Court said: "It is error for counsel to assume that, when the first return day arrives, and the record is not filed by the clerk, they may delay application for the aid of this court."

It is necessary, for the public welfare, that litigation be disposed of without undue delay, and in former decisions of this Court, it has been held that, when a return

124

day has passed, and there have been more than six months between the perfection of the appeal and application for writ of certiorari, the Court will refuse to grant such application and will dismiss the appeal. See Cobb v. Frazer, 209 Miss. 603, 48 So. 2d 124; Max N. Tobias Bag Co., Inc. v. Delta Cotton Oil Co., 193 Miss. 873, 11 So. 2d 210.

We are of the opinion, and so hold, that the appeal in this case was not properly perfected and prosecuted within the time and manner permitted by law, and the appeal will therefore be dismissed. The motion to revive this action in the names of the legal representatives of the deceased parties should be, and is, hereby sustained. The case will thereupon be docketed and dismissed. All motions filed for the purpose of obtaining a hearing on the merits will be overruled.

Motion to revive, docket and dismiss is hereby sustained.

*Lee, C. J., and Ethridge, McElroy and Patterson, JJ.,* concur.