MOTOR SUPPLY COMPANY, INC. *v.* HUNTER

No. 43334 February 8, 1965 171 So. 2d 870

*Floyd, Cameron, Deen & Prichard,* Meridian, for appellant.

*N. W. Overstreet, Jr.,* Jackson; *Sidney T. Roebuck,* Newton; *Rex Gordon,* Pascagoula, for appellee.

Rodgers, J.

This is an appeal from a judgment of the Circuit Court of Newton County, Mississippi, in favor of appellee Ollie W. Hunter in a suit brought by appellant, Motor Supply Company, Inc., against Hunter and James G. Valentine, to recover $4,205.96 upon a delinquent open account. The indebtedness was incurred by Valentine for automotive parts, and the suit was brought against Hunter as guarantor of the account. A default judgment was taken against Valentine. Defendant Hunter answered and contended that the written guaranty was obtained by fraud; that complainant did not give him notice of acceptance of the written guaranty; that complainant did not give him reasonable notice of default of payment by Valentine, and that a note and mortgage endorsed by Hunter took the place of written guaranty.

Appellant claims on appeal, among other things, that the verdict of the jury was contrary to the overwhelming weight of the evidence, and that the trial court erred in granting certain instructions.

After a careful examination of the record in this case, we have reached the conclusion that the court should have sustained appellant's motion for a new trial based upon the foregoing errors.

Since the case must be retried, we avoid pointing out, or detailing any particular part of the evidence not essential to this opinion. We hold that upon the entire record of the trial, the verdict of the jury is against the overwhelming weight of the evidence, and the judgment should be set aside and a new trial awarded to determine the issues of fact here involved.

In order to prevent additional error upon a retrial, we point out two defenses erroneously submitted to the jury by the instructions of the court in the previous trial.

The testimony shows that appellee signed the following letter of guaranty:

"December 4, 1958

"Motor Supply Company
"Meridian, Mississippi

"Gentlemen:

"I understand that you are in the wholesale automotive parts business and that you sell from time to time certain of your merchandise to Mr. Jack Valentine who operates a garage in Newton, Mississippi. "I am interested in Mr. Valentine and for a consideration sufficient to me, which I have received, I do hereby guarantee the payment of the account of Jack Valentine, with your company, either present or future.

"If at any time his account is past due and unpaid, I will, upon demand, from you, pay said account to you upon your assigning said account to me, without recourse.

"Yours very truly,

"(Signed) OLLIE W. HUNTER

"WITNESSES

"(Signed) E. J. Calhoun"

■■■ The testimony shows without dispute that appellant had the foregoing letter of guaranty prepared by its attorney and submitted to appellee for his signature. In other words, the contract was initiated by appellant. It was not an offer to guarantee the account of Valentine submitted by appellee to appellant. Therefore, no acceptance was required. If it were a good contract, it became effective at the time it was signed by its own terms. It states: "I do hereby guarantee the payment of the account of Jack Valentine, with your company, either *present* or future." (Emphasis supplied). McConnon & Co. v. Prine, 128 Miss. 192, 90 So. 730 (1922); Baker v. Kelly, 41 Miss. 696 (1868). This

rule has been accepted in most of the states. 24 Am. Jur. *Guaranty* §§ 37, 97 (1939); 38 C. J. S. *Guaranty* § 11 b. (1943). *Cf.* Alabama & V. Ry. Co. v. Kropp, 129 Miss. 616, 92 So. 691 (1922).

Thus, the instructions advising the jury that appellant should have given prompt notice to appellee of the acceptance of the guaranty were erroneous and should not be given upon a retrial.

The court granted defendant Hunter the following instruction:

"The Court instructs the jury for the Defendant Hunter that he, the said Hunter, was entitled to reasonable prompt notice of the default and nonpayment of the account of Defendant Valentine, and, if you should find from a preponderance of the evidence that Defendant Valentine was in default on his account with Plaintiff, one or more times, and if you should further find from a preponderance of the evidence that the plaintiff failed to give Defendant Hunter reasonably prompt notice of such default or defaults, then you shall find for the Defendant Hunter."

This instruction was erroneous. The letter of guaranty above set out is an absolute, unconditional guaranty. The language is plain and unambiguous, and is a continuing agreement to pay the account due by Valentine. It states: "at any time this account is past due and unpaid, I will, upon demand, from you, pay said account . . . ."

Appellee admitted that appellant advised him that Valentine's account was overdue and unpaid. However, he did not pay the amount he learned was due appellant, but disclaimed any interest in the account. We do not decide whether notice of default was required on this or similar contracts of guaranty because we are of the opinion, and so hold, that the evidence shows that appellee was given notice from time to time that

the account was delinquent, and thus received all the notice required. The foregoing instruction was erroneous and should not be repeated. Domergue v. Mayer-Israel Co., 161 Miss. 545, 137 So. 486 (1931); 38 C. J. S., *Guaranty* § 55 (1943); 24 Am. Jur. *Guaranty* § 107 (1939).

The judgment of the trial court is therefore reversed and a new trial granted consistent with the foregoing opinion.

Reversed and remanded.

*Lee, C. J., and Ethridge, Patterson and Inzer, JJ.,* concur.

### ON APPELLANT'S MOTION TO PASS AND CONTINUE APPEAL.

Lee, Chief Justice:

This case, on appeal from the Circuit Court of Newton County, was returnable before this Court on the First Monday of July 1963. Allegedly, on account of the illness of the court reporter of the district, she was unable to transcribe her notes of the trial and file the same with the Clerk of this Court. Counsel for the appellee joined in the motion for continuance, and the cause was continued until the September 1963 Term.

Again, on September 9, 1963, the appellant moved for another continuance on the ground that the court reporter, although she had recovered from her illness, was behind with her transcriptions and had not filed her record. Counsel for appellee again consented, and the cause was continued until the January 1964 Term of this Court.

Again, on January 3, 1964, appellant moved for another continuance, alleging inaction on the part of the court reporter because of the alleged illness and "other circumstances and work load beyond her control", as preventing the completion and transcription of her notes. Although counsel for appellee did not join

in this request, the cause was continued until the First Monday of May 1964.

Now, again, on May 2, 1964, the appellant has moved for a continuance until the Second Monday of September 1964. The appellee does not join in this motion. It is again stated that the court reporter has given, as her excuse, her previous illness and heavy work load.

Most people get sick or indisposed at times, and consideration must be given on that account. However, when illness is over and one returns to duty, there should be a real effort to make up for the unfinished work as speedily as possible. Unless illness reaches epidemic proportions, courts continue to run. Litigants try their cases. They are entitled to have the record of the evidence to complete their appeals. It is the duty of the judge of the district to have a person, who is ready, willing and able to perform the duties of court reporter. Under §1624, Miss. Code 1942, Rec., the judge makes the appointment. By §1625 the appointee must take the oath of office to faithfully discharge the duties thereof. By §1626, when the previous sections have been complied with, the appointee becomes an officer of the court. Under § 1628, this official must give bond in the sum of not less than $2,000, conditioned for the faithful discharge of duties. By § 1629, the judge, in his discretion, may remove a court reporter for neglect of duty. In addition, evidently for the purpose of preventing a delay such as this one, § 1632 authorizes the judge to appoint an additional court reporter and terminate the appointment when the necessity ceases to exist. Besides, ▮▮▮ it is common knowledge that most court reporters use tape recorders as they are taking the testimony. Consequently if, on account of disability or other cause, they are unable to do the transcriptions, others may run the recorders, and, in most cases, complete the transcriptions. However, whether the court reporter in this district has such a recorder is not known.

Thus it is seen that, with reasonable supervision and direction by the judge, and with a bona fide effort on the part of the court reporter, valid reasons for a delay, such as the one which has occurred in this case, no longer exist. See also § 1645 regarding penalties for neglect of duty in such cases.

 In spite of what has been said about the duties of the officers to see that the rights of appeals by aggrieved persons shall be preserved, still if because of death, resignation or otherwise the court reporter fails to transcribe the notes, a bill of exceptions may be prepared and filed, as stated, in § 1644 of the Code. Such method must be pursued by the litigants. Cf. Hargraves v. Hamilton, 249 Miss. 117, 161 So. 2d 179. It must be remembered that the appellee also has valuable rights in the administration of justice that delay shall not be equivalent of denial.

The court is somewhat familiar with its docket and the origin of pending appeals. It finds no cause for alarm by reason of any excessive number of appeals from the district here in question.

The patience of the Court has grown threadbare with these requests for continuance of a case because of excuses for delays in completing the record when such derelictions do not in fact excuse.

 The Court will expect a record for this appeal to be filed in this Court by the First day of August 1964, and, for that reason, the Court will continue this matter until the next Term, to wit, the Second Monday of September 1964.

Motion to continue granted on conditions.

All Justices concur.